STEPHEN SEARS & wife *vs.* INHABITANTS OF DENNIS.

If a defect in a highway which a town is bound to keep in repair causes the horse to fall, and the carriage to break, with which a person is travelling thereon with due care, and while the horse is struggling to rise, and every reasonable effort is being made to control it, the traveller, in the exercise of ordinary care, and to avoid apparently imminent danger from the position into which he has been brought by the defect in the way, leaps from the carriage, and is injured in doing so, the town is liable for the injury, in an action on the Gen. Sts. *c.* 44, § 22.

TORT on the Gen. Sts. *c.* 44, § 22. Trial before *Colt*, J., who reported the case as follows :

"This is an action of tort, in which damages are claimed of the town of Dennis for injuries sustained by the female plaintiff while travelling over a highway in said town in October 1867. There was evidence tending to show that the horse driven by

Mr. Sears was thrown, or fell down, by stumbling or falling over a ' stop-water,' so called, built across the travelled part of the way ; that the shafts and the cross-bar of the carriage were broken ; that the horse struggled to get to his feet ; and that Mr. Sears jumped from the carriage and went to control the horse, and called upon his wife and two children to get from the carriage as soon as possible ; that the boy got out of the front part of the carriage, as also did the girl ; that the boy went and got upon the horse's head, to keep him down ; that the girl, after getting from the carriage, attempted to open the door, so that her mother might get out, but the wheels of the carriage were so cramped that she was unable to do so, and she then told her mother that she must get out over the fore-wheel ; that it was unsafe for the female plaintiff to attempt to use the step on the thills of the carriage, on account of the violent action of the horse ; that Mrs. Sears then jumped from the carriage off the fore-wheel, being aided by the girl ; and that by said jumping she was injured, and for this injury this action was brought. Mrs. Sears was not called as a witness ; and it was in evidence that she was confined to her bed at home.

" Upon this evidence, which was all that related to the occurrences at the time of the injury, the defendants contended that the plaintiffs were not entitled to recover, because the injury was not the direct and immediate consequence of the defect in the highway. The plaintiffs contended that the case should be submitted to the jury ; and that if the jury found that Mrs. Sears jumped from the carriage in the exercise of due care, and to avoid a damage to which she was exposed, they were entitled to recover. For the purpose of referring the questions presented to the full court, I directed the jury, upon the grounds claimed by the defendants, to find a verdict for the defendants, which is to be set aside and a new trial ordered, or judgment rendered on the verdict, as the court shall direct."

*J. M. Day,* for the plaintiffs.

*G. Marston,* for the defendants. The question is not as to the female plaintiff's care, but as to the proximate cause of the injury. She was injured by striking the ground in voluntarily jumping

from the carriage; and such an injury was not the direct effect of the want of repair of the highway, or of the fall of the horse, or of the stopping of the carriage, or of the action of the horse after his fall. Her husband directed her to get out of the carriage; she obeyed; and her daughter helped her in getting out. The defect in the highway ceased to operate as a cause, and spent its force, when it had produced the fall of the horse. The provision of the statute is, that if a person suffers injury "through" a defect or want of repair in the highway he may recover, and not otherwise. Gen. Sts. c. 44, § 22. *Marble* v. *Worcester*, 4 Gray, 395, 401. *Horton* v. *Taunton*, 97 Mass. 266, note. *Davis* v. *Dudley*, 4 Allen, 557. If "the violent action of the horse" operated to cause the plaintiff to pursue the course she did, it is to be said, in the first place, that such action was not necessarily caused by the defect, but from the condition of the horse after the defect had ceased to operate; and in the second place, that the action of the horse was beyond the control of the plaintiffs, within the rule in *Titus* v. *Northbridge*, 97 Mass. 258. Besides, it is reasonable to suppose that a boy's seating himself upon a horse's head would render the horse's action violent. And further, the direction of the husband to the people in the carriage to get out, and the advice of the daughter to get out over the wheel, intervened as operating, or at least coöperating, causes of the plaintiffs' action. *Marble* v. *Worcester*, 4 Gray, 395. *Moore* v. *Abbot*, 32 Maine, 46. *Farrar* v. *Greene*, Ib. 574. *Rowell* v. *Lowell*, 7 Gray, 100. *Richards* v. *Enfield*, 13 Gray, 344. *Moulton* v. *Sanford*, 51 Maine, 127.

GRAY, J. The liability of towns for defects in a highway is not limited to injuries suffered by reason of a traveller, or his horse or carriage, coming into immediate contact with the defect, but extends to injuries to the horse while under the immediate impetus or impetus received from the defect, or during reasonable efforts to relieve him from the position into which he has been thrown by coming into contact with the defect, or to the traveller by voluntarily leaping from the carriage, in the exercise of ordinary care and prudence, to avoid apparently imminent danger from being brought into contact with the defect, or from impend-

ing consequences immediately resulting therefrom. *Stevens* **v.** *Boxford,* 10 Allen, 25. *Babson* v. *Rockport,* 101 Mass. 93. *Tuttle* v. *Holyoke,* 6 Gray, 447. *Lund* v. *Tyngsborough,* 11 Cush. 563.

In the case at bar, the evidence introduced at the trial would have warranted the jury in finding that the defect in the highway caused the fall of the horse and the breaking of the carriage, and that, while the horse was struggling to rise, and every rea sonable effort was being made to control him, the female plaintiff, in the exercise of ordinary care, and to avoid apparently imminent danger from the position into which she had been brought by the defect, voluntarily leaped from the carriage, and in so doing suffered the injury sued for. If such were the facts, the action might be maintained. The case should therefore have been submitted to the jury. *New trial ordered.*