## Kirland *v*. The State.

INSTRUCTIONS.—*Supreme Court.*—In placing a construction upon instructions complained of, this court will look at all the instructions given on the same subject; and if the instructions taken together present the law correctly, and are not calculated to mislead the jury, the judgment will not be reversed thereon.

SAME.—*When Inconsistent.*—If two charges are inconsistent with each other, if they were calculated to confuse and mislead the jury, or if they must have left the jury in doubt or uncertainty as to the law applicable to the facts of the case, then the judgment should be reversed.

SAME.—*Assault and Battery.*—In a prosecution for assault and battery, the court instructed the jury, that if, under certain circumstances mentioned in the charge, "the defendant struck or beat the prosecuting witness while he was gathering corn in the field; or, while he was driving his team in the field, in the act of gathering corn, the defendant struck and beat the horses of the prosecuting witness in a rude and angry manner with a stick, the defendant is guilty of an assault and battery."

*Held*, that, as there was evidence tending to prove that the defendant did strike the horses when being driven, the instruction was calculated to mislead the jury to the conclusion that such striking the horses was an assault and battery upon the driver, which it was not in any legal or logical sense, the driver himself not having been touched directly or indirectly; and hence such instruction was erroneous.

From the Marion Criminal Circuit Court.

*J. W. Gordon, T. M. Browne, R. N. Lamb,* and *J. N. Kimball,* for appellant.

*J. C. Denny,* Attorney General, for the State.

BUSKIRK, J.—This was a prosecution for an assault and battery commenced before a justice of the peace. The affidavit charges the appellant with having, at Marion county, on the 28th day of February, 1873, unlawfully, and in a rude, insolent, and angry manner, touched, etc., Charles Bein.

The appellant was tried and found guilty by the justice. The case was appealed. It was tried on appeal in the Marion Criminal Court, where the State again obtained a verdict. The appellant moved for a new trial, which was overruled, and the judgment was rendered on the verdict.

The error assigned is the overruling of the motion for a new trial. A reversal of the judgment is asked mainly upon the

Kirland *v.* The State.

ground that the court gave an erroneous instruction to the jury.

The instruction complained of as erroneous is as follows:

" 2. To constitute a battery, the touching need not be of great force; a mere touching is sufficient, if it be unlawful and be done in a rude, or an insolent, or angry manner. But this touching must be unlawful. A man may defend the possession of his estate and of his chattels by such reasonable force as may be necessary to that end; and if, in this case, you believe from the evidence, that at the time of the alleged assault and battery, Charles Bein was trespassing upon the lands of the defendant, and engaged in carrying away without right the corn of the defendant, the defendant had the right, after requesting Bein to depart, and a refusal on his part to leave the property and premises, to use such reasonable force as was necessary to eject him from the premises and protect his personal property; and if the defendant, in thus protecting his property and possession, touched Bein or assaulted him only so much as was reasonably necessary to secure the object aforesaid, he is not guilty, and you should so find. But if the jury believe from the evidence, that defendant rented the fields referred to in the evidence, no certain time being fixed for the termination of the lease, to Charley Bein, to be cultivated in corn, upon the shares, to be gathered by Bein, one-half to be delivered to defendant, and the other to be retained by the renter or tenant for his share, the mere fact that an agreement was made in the fall after, by which it was agreed that the tenant (Bein) take for his share of the corn the south field, and defendant the north field as his share, except three acres in the south field, this would not terminate the lease of itself, unless it was agreed between the parties that the lease should terminate. Nor would such facts authorize the defendant to forcibly eject Bein from the field because he was gathering more corn for his own use than he was entitled to by such agreement; and if, under such circumstances, the defendant struck or beat Bein, while he was gathering

corn in the field, or while Bein wás driving his team, in the field in the act of gathering the corn, the defendant struck and beat his horses in a rude and angry manner with a stick, the defendant is guilty of an assault and battery."

The Statute says: " Every person who in a rude, insolent or angry manner, shall unlawfully touch another, shall be deemed guilty of an assault and battery," etc.   2 G. & H. 459.

It is quite clear, therefore, that no assault and battery can be committed, unless one person touches another person unlawfully, and in a rude, or insolent, or angry manner.   The affidavit charges that the appellant thus touched Charles Bein.   To sustain this charge, the evidence must show the unlawful touching, etc., of Charles Bein.   The charge excepted to, however, instructs the jury, that, if the defendant struck Charles Bein's horses with a club, in a rude and angry manner, while Bein was driving his team, in the act of gathering corn, etc., the defendant is guilty of an assault and battery.   In this instruction the court deems the touching of Bein wholly immaterial and unimportant; to strike Bein's horses is to strike him, that is, if they were struck with a club, and it was done while he was driving his team in the field, in the act of gathering corn.   To strike the horses of Bein was in no legal or logical sense to strike him. True, if the blow touched both Bein and his horse, the touching would be an assault and battery on Bein, not because of the touching of his horse, however, but for the reason that it touched him.

And if the appellant struck and drove Bein's horse, or any other horse, against him violently, unlawfully, and in a rude, etc., manner, then he would be guilty, not because he struck the horse, but for the reason that he struck Bein by running or pushing the horse against him.   If Bein was so connected with his horses when they were struck, that the blow took effect on his person as well as that of the horses, then the person striking the blow would be guilty.

Bishop, in his work on Criminal Law, in sec. 72, vol. 2, says:

" The slightest unlawful touching of another, especially if done in anger, is sufficient to constitute a battery. For example, spitting in a man's face, or on his body, or throwing water on him, is such. And the inviolability of the person, in this respect, extends to every thing attached to it."

Russell, on Crimes, vol. 1, p. 751, says: "The injury need not be effected directly by the hand of the party. Thus there may be an assault by encouraging a dog to bite. * * * And it seems that it is not necessary that the assault should be immediate; as where the defendant threw a lighted squib into a market-place, which, being tossed from hand to hand, by different persons, at last hit the plaintiff in the face, and put out his eye, it was adjudged that this was actionable as an assault and battery. And the same has been holden where a person pushed a drunken man against another."

Greenleaf on Evidence, in discussing the question of battery, says: " A battery is the actual infliction of violence on the person. This averment will be proved by evidence of any unlawful touching of the person of the plaintiff, whether by the defendant himself, or by any substance put in motion by him. The degree of violence is not regarded in the law; it is only considered by the jury, in assessing the damages in a civil action, or by the judge in passing sentence upon indictment. Thus, any touching of the person in an angry, revengeful, rude, or insolent manner; spitting upon the person; jostling him out of the way; pushing another against him; throwing a squib or any missile, or water upon him; striking the horse he is riding, whereby he is thrown; taking hold of his clothes in an angry or insolent manner, to detain him, is a battery. So, striking the skirt of his coat or the cane in his hand, is a battery. For anything attached to his person partakes of its inviolability."

Blackstone defines a battery as follows:

" 3. By battery, which is the unlawful beating of another. The least touching of another's person wilfully, or in anger,

is a battery; for the law cannot draw the line between different degrees of violence, and therefore totally prohibits the first and lowest stage of it; every man's person being sacred, and no other having a right to meddle with it, in any the slightest manner."   3 Cooley's Blackstone,   120.

Note 4 by Judge Cooley, on same page, reads as follows: " A battery is an unlawful touching the person of another by the aggressor himself, or any other substance put in motion by him.   1 Saund. 29, b. n. 1; id. 13 and 14, n. 3. Taking a hat off the head of another is no battery.   1 Saund. 14.   It must be either wilfully committed, or proceed from want of due care:  Stra. 596; Hob. 134; Plowd. 19; otherwise it is *damnum absque injuria*, and the party aggrieved is without remedy: 3 Wils. 303; Bac. Ab. assault and battery, B.; but the absence of intention to commit the injury constitutes no excuse, where there has been a want of due care.   Stra. 596. Hob. 134. Plowd. 19.   But if a person unintentionally push against another in the street, or if without any default in the rider a horse runs away and goes against another, no action lies.   4 Mod. 405.   Every battery includes an assault:  Co. Litt. 253; and the plaintiff may recover for the assault only, though he declares for an assault and battery.   4 Mod. 405."

Counsel for appellee have referred us to the following adjudged cases as supporting the instruction under examination; *Respublica* v. *De Longchamps*, 1 Dallas 111; *The State* v. *Davis*, 1 Hill S. C. 46; *Dubuc De Marentille* v. *Oliver*, Penning. 379; *The United States* v. *Ortega*, 4 Wash. C. C. 531.

The case referred to in Dallas was a prosecution under the laws of nations for an assault and battery upon the Minister of the French Government resident in this country.   It was proved upon the trial that the defendant struck with a cane the cane of the French Minister.   The court say: " As to the assault, this is, perhaps, one of the kind, in which the insult is more to be considered than the actual damage; for though no great bodily pain is suffered by a blow on the

palm of the hand, or the skirt of the coat, yet these are clearly within the legal definition of assault and battery, and among gentlemen, too often induce duelling, and terminate in murder. As, therefore, anything attached to the person, partakes of its inviolabilty; De Longchamps' striking Monsieur Marbois' cane, is a sufficient justification of that gentleman's subsequent conduct."

The case referred to in Pennington, *supra,* was a civil action for a trespass committed by the defendant on the property of the plaintiff, by striking with a large club the plaintiff's horse, which was before a carriage in which the plaintiff was riding. The court say : " To attack and strike with a club, with violence, the horse before a carriage, in which a person is riding, strikes me as an assault on the person; and if so, the justice had no jurisdiction of the action. But if this is to be considered as a trespass on property, unconnected with an assault on the person, I think it was incumbent on the plaintiff below, to state an injury done to the horse, whereby the plaintiff suffered damage; that he was in consequence of the blow bruised or wounded, and unable to perform service; or that the plaintiff had been put to expense in curing of him or the like."

The above case being an action of trespass for an injury to the horse of the plaintiff and not a prosecution for an assault, or an assault and battery upon the person of the plaintiff, we think that but little importance should be attached, or weight given to the loose remark of the judge, that the striking of a horse attached to a carriage was an assault upon the person riding in the carriage.

The case of *The State* v. *Davis, supra,* was a prosecution for an assault upon an officer, in releasing from his custody a negro. The facts will sufficiently appear from the quotation which we make from the opinion of the court. The court say:

" The general rule is, that any attempt to do violence to the person of another, in a rude, angry, or resentful manner, is an assault; and raising a stick or fist, within

striking distance, pointing a gun within the distance it will carry, spitting in one's face, and the like, are the instances usually put by way of illustration. No actual violence is done to the person in any one of these instances; and I take it as very clear that that is not necessary to an assault. It has, therefore, been held that beating a house in which one is, striking violently a stick which he holds in his hand, or the horse on which he rides, is an assault; the thing in these instances partaking of the personal inviolability. *Respublica* v. *De Longchamps*, 1 Dall. 114; *Wambough* v. *Shank*, Penning. 229, cited in 2 part Esp. Dig. 173.

"What was the case here? Laying the right of property in the negro out of the question, the prosecutor was in possession, and legally speaking, the defendants had no right to retake him with force. As far as words could go, their conduct was rude and violent, in the extreme. They broke the chain with which the negro was confined to the bedpost, in which the prosecutor slept, and cut the rope by which he was confined to his person, and are clearly within the rule. The rope was as much identified with his person, as the hat or coat which he wore, or the stick which he held in his hand. The conviction was therefore right."

We are inclined to the opinion that the chain and rope so connected together the prosecutor and negro, as to make the identification as complete as the hat or coat on the person or the stick in the hand. The ruling in the above case was based upon the close and intimate connection which existed between the prosecutor and the negro; but no such identity or connection between the prosecutor and his horses in the case in judgment is shown.

The case of *The United States* v. *Ortega, supra*, was a prosecution instituted by the United States, for the purpose of vindicating the law of nations and of the United States, offended, as was alleged, in the person of a foreign minister, by an assault committed on him by the defendant. The proof was, that the defendant seized hold of the breast of the coat of Mr. Salmon, the prosecuting witness, and retained

Kirland *v.* The State.

his hold while he enumerated his cause of grievance, and until a third person came up and compelled him to release his hold.

The court said: " It was argued by the counsel for the defendant, that, to constitute an assault, it must be accompanied by some act of violence. The mere taking hold of the coat, or laying the hand gently upon the person of another, it is said, does not amount to this offence; and that nothing more is proved in this case, even by Mr. Salmon. It is very true that these acts may be done, very innocently, without offending the law. If done in friendship, for a benevolent purpose, and the like, the act would certainly not amount to an assault. But these acts, if done in anger, or a rude and insolent manner, or with a view to hostility, amount, not only to an assault, but to a battery. Even striking at a person, though no blow be inflicted, or raising the arm to strike, or holding up one's fist at him, if done in anger, or in a menacing manner, are considered by the law as assaults."

It is very obvious that the above cases do not support the position assumed by the counsel for appellee, but are in entire accord with the elementary writers from whom we have quoted.

The most accurate and complete definition of a battery that we have met with is that given by Saunders, and which has been adopted by most subsequent writers, and that is: " A battery is an unlawful touching the person of another by the aggressor himself, or any other substance put in motion by him." By this definition, it is an essential pre-requisite that the person must either be touched by the aggressor himself or by the substance put in motion by him. There must be a touching of the person. One's wearing apparel is so intimately connected with the person, as in law to be regarded, in case of a battery, as a part of the person. So is a cane when in the hand of the person assaulted.

But in the case under consideration, the court ignores all these things and instructs the jury to convict on proof

Kirland *v.* The State.

alone of the striking of the horses of the prosecuting witness. It is not even necessary, according to this charge, that the prosecuting witness should have been in the wagon or  holding the ~~lines,~~ or connected with or attached to the horses in any way. · That Bein was driving his team and gathering his corn does not necessarily so connect him with the horses that the touching of the horses would be an assault and battery on him. He may have been, as is frequently done, driving his horses from one pile of corn to another, by words of command, without being in the wagon or having hold of the ~~lines.~~

The law was correctly stated by the court in the first charge given to the jury. It was as follows: "Before you will be justified in finding the defendant guilty, the evidence must satisfy you beyond a reasonable doubt that the defendant, at, etc., * * in a rude, or an insolent, or an angry manner, touched Charles Bein."

In placing a construction upon the instruction complained of, it is our duty to look at all the instructions given on the same subject; and, if the instructions taken together present the law correctly and are not calculated to mislead the jury, we should affirm the judgment

On the other hand, if the two charges are inconsistent with each other, if they were calculated to confuse and mislead the jury, or if they must have left the jury in doubt or uncertainty as to what was the law as applicable to the facts of the case, then the judgment should be reversed. *Somers* v. *Pumphrey*, 24 Ind. 231. The above rules have been applied by this court in civil cases. The rule laid down in criminal causes is as follows: "An erroneous instruction to the jury in a criminal case cannot be corrected by another instruction, which states the law accurately, unless the erroneous instruction be thereby plainly withdrawn from the jury." *Bradley* v. *The State*, 31 Ind. 492.

Construing these charges together, how do they stand? The jury are first told that, to justify a finding of guilty, they must be satisfied beyond a reasonable doubt that the defend-

Kirland *v.* The State.

ant touched Charles Bein; and then, in the second charge, the court continues, that the defendant might lawfully employ reasonable force, etc., in defence of his possession or property, but that under circumstances hypothetically put by the court, Charles Bein had the right to be on the defendant's premises gathering corn," and if under such circumstances, etc., while Bein was driving his team in the field in the act of gathering the corn, the defendant struck and beat his horses in a rude and angry manner, with a stick, the defendant is guilty of an assault and battery."

Plainly, then, the charge is, that the evidence must show the touching of Charles Bein by the defendant, but that if Bein is driving his team, etc., and the defendant strikes his horses (that is Bein's horses) with a stick, in a rude and angry manner, then, such touching of the horses is, in law, a touching of Bein, and the defendant is guilty of an assault and battery. Logically the charge states the law thus: Generally, to sustain a charge of assault and battery on A., it is essential to prove a touching of A. by the defendant, but under certain circumstances, such as if A. is driving his team, etc., and the defendant touches the horses of A., then, in that case, such touching of the horses is a touching of A., and if such touching of the horses is unlawfully done, and was made, etc., then the defendant may be found guilty of an assault and battery on A.

There was evidence tending to prove that the defendant struck Charles Bein. He and his two sons, Edward and Frank, so swear. The defendant swears he did not.

The following is briefly the evidence tending to prove the assault and battery upon the horses:

Charles Bein testified: "He hit my horses on the head with a big club about three feet long. * * * He struck my horses two or three times. * * * He was mad. * * * I was loading corn out of the piles; was loading up corn when he struck the horses."

Same witness on cross-examination testifies: "When he struck the horses, he struck them on the head, and they

stopped, etc.   Don't know who held the lines.   Maybe my little boy held one and me the other.   \*   \*   \*   He struck the horse next to me.   \*   \*   \*   The team was made to stand when defendant struck the horses.   \*   \*   \*   I was not in the wagon when he struck them."

Edward Bein testified:   "Kirland hit the horses on the head, and they stopped.   We were just going to drive out. My father was then standing on the ground near the wagon.   Defendant put his hands on the horses to unhitch them from the wagon; tried to unhitch the traces. Just before that he struck the horses, when father was standing on the other side of the wagon."

Frank Bein testified.   "At the time the horses were struck, father was in the wagon."

The defendant testifies, that he "didn't touch the horses, except that he attempted to unhitch them from the wagon."

It is apparent that there was evidence in the case to which the second instruction was applicable.   The verdict being general we are unable to determine whether he was convicted for touching the person of Bein or for striking his horses.   It may be that the jury found the defendant guilty of striking the horses of Bein, for the defendant admitted that he attempted to unhitch the horses from the wagon, and consequently must have touched them, while he positively denies that he touched the person of the prosecuting witness.   Besides, there was evidence tending to impeach the character of Bein.   The jury may, therefore, have doubted, reasonably, the guilt of the defendant in the striking of Bein, and found him guilty only of having "in a rude and angry manner struck the horses of Bein with a stick," while "he was driving his team in the act of gathering corn."

The second instruction was inapplicable to the evidence and was calculated to mislead the jury, and being erroneous, the judgment should be reversed.

The judgment is reversed; and the cause is remanded, for a new trial in accordance with this opinion.