## COMMONWEALTH *vs.* GEORGE HAGENLOCK.

Hampshire. Sept. 15. — 16, 1885. FIELD, C. ALLEN, & COLBURN, JJ., absent.

A man, while under the influence of intoxicating liquors, went into a room containing a bed occupied by a woman, removed the bedclothes from off her person, and got into the bed without otherwise touching her person than in removing such clothes. She awoke, and, while stepping over the man, in order to get out of the bed, he raised his hand and tried to prevent her from leaving the bed, but did not touch her person because he could not reach her. *Held*, that he could be convicted of an assault. *Held, also*, that it was a question for the jury whether he was so far intoxicated as to be unable to form a guilty intent.

INDICTMENT for an assault upon one Fanny Hill, on March 22, 1885. at Northampton. At the trial in the Superior Court, before *Barker*, J., there was evidence tending to show the following facts:

About two years before the time of the alleged assault, the defendant worked for J. B. Parsons, in Northampton, and occupied a bed-room in his house. At the time of the alleged assault, Patrick Rockett, a workman for Parsons, occupied said room. One week before the time of the alleged assault,

Rockett invited the defendant to sleep with him that night, and the defendant did so. Before going to bed that night, the defendant attempted to go into the room of the servant girl, which was the same room occupied by Fanny Hill on the night of the assault, but Rockett told him that he must go into the men's room, or go out of the house. On the evening of the day of the assault, and previously to the time of the assault, Rockett and the defendant had been drinking intoxicating liquor together, and it was arranged between them that the defendant was to sleep with. Rockett in said room that night. While Rockett and the defendant were in a saloon not far from the house of Parsons, the defendant left the saloon without informing Rockett. Fanny Hill occupied alone the sleeping-room before occupied by said servant girl, which room was nearly across the hall from Rockett's room. About twelve o'clock at night, and while Fanny was asleep, the defendant went into the room of Fanny and removed the bed-clothes from off her person, and got into her bed without otherwise touching her person than in removing said clothing. Fanny awoke, and, while stepping over the defendant, in order to get out of bed, the defendant raised his hand and tried to prevent her from leaving the bed, but did not touch her person because he could not reach her. Fanny went into the room of Parsons, who at once went into the room of Fanny, and found the defendant lying in the bed, " pretty full " of intoxicating liquor. Parsons ordered the defendant to get out of the bed and dress himself. He got out of the bed with the assistance of Parsons, and took up and put on his pantaloons without assistance. Parsons then asked the defendant where the rest of his clothes were, and he replied that they were in the other room. Parsons then led him into Rockett's room, and found the rest of his clothes there. Parsons ordered the defendant to dress, and then left to dress himself for the purpose of taking the defendant to the station-house. When Parsons returned to Rockett's room, he found the defendant lying in bed, with only the same clothing on his person as when he left him. Parsons aroused him again, and ordered him to dress, and assisted him to dress ; and, while so doing, the defendant asked Parsons not to take him to the station-house, saying, " I did not come into your house to rob or steal."

Parsons led him along to the station-house, and he staggered very much while on the way.

The defendant asked the judge to rule that there was not sufficient evidence to warrant the jury in finding the defendant guilty upon the charge in the indictment; but the judge refused so to rule, and submitted the case to the jury upon instructions which were not excepted to.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. B. O'Donnell*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT.    The indictment charges an assault upon one Fanny Hill.

It was competent for the jury to find from the evidence that the defendant made an attempt to do harm to the person of said Fanny Hill, with intent to injure her.    This was an assault, although he did not in fact touch her person.    It was a question of fact for the jury to determine whether he was so far intoxicated as to be unable to form a guilty intent.

*Exceptions overruled.*

MEMORANDUM.

ON the twenty-sixth day of September, 1885, the Honorable WALDO COLBURN died at his residence in Dedham, having held the office of an Associate Justice of this Court since the tenth day of November, 1882.