WILLIAM G. CODY *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Suffolk.    March 17, 1890. — May 10, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Railroad — Contributory Negligence — Rights of Passenger in Baggage Car.*

A passenger entered at a station the smoking car of a train on a single track railroad and began to read and smoke. The train started before the arrival of a train due to pass it at that station, and he, noticing that fact after his train was fairly under way, and being apprehensive, from his knowledge of the running of the trains, that a collision might take place at any moment, went into a baggage compartment at the forward end of the car, and there stood with his hand upon the knob of the door prepared to jump, and did jump just before the trains collided, and was injured. *Held,* in an action against the railroad company, that the question whether he was in the exercise of due care or guilty of contributory negligence was properly submitted to the jury.

TORT for personal injuries occasioned to the plaintiff by jumping from a train just before a collision upon the defendant's railroad, in December, 1887.

At the trial in the Superior Court, before *Lathrop*, J., it was conceded by the defendant that the collision resulted from negligence on the part of its servants, and the only question was whether the plaintiff was in the exercise of due care or guilty of contributory negligence. There was evidence tending to prove the following facts.

The defendant's railroad at the place of the collision was a branch road consisting of a single track only; and the train upon which the plaintiff was riding was made up of a locomotive engine, a combination baggage and smoking car, and an ordinary passenger car. The combination car was divided into two compartments by a crosswise partition, in which was

a sliding door. The forward compartment, comprising about one third of the car, was used exclusively for the handling and transportation of baggage, and the after compartment was provided with seats and other accommodations for such passengers as wished to smoke. The train reached a certain station on the road, and was placed upon a side track to await the passing of a train due to arrive from the opposite direction. The plaintiff entered the combination car at this station about five o'clock in the afternoon, to go to a station beyond, took a seat in the smoking compartment, and, lighting a cigar, began to read a paper. The expected train had not arrived, and the train entered by the plaintiff was negligently directed by an agent of the defendant to proceed on its way. The plaintiff had been employed on this and other railroads at previous times, and, as he had frequent occasion to travel between the same stations, was familiar with the running of the trains and with their schedule time, and knew the train from the opposite direction was due to arrive at the station where he took the train before his train was due to start. After the train had proceeded slowly for some little distance, gradually increasing its speed, the plaintiff for the first time noticed that the train had started and the speed at which it was going, and, being apprehensive that a collision between the trains would take place, threw down his cigar, left his seat in the smoking compartment, and went into the baggage compartment. He knew that this compartment was intended to be used for baggage purposes only, and that it was against the rules of the company for passengers to ride there. Taking a position by the door in the forward end of the compartment, he stood with one hand on the knob, looking through the window in the upper part of the door out over the locomotive and along the track, ready to pass upon the platform and to jump from the car if a collision should seem imminent. After standing there for several minutes, he saw the headlight upon the approaching locomotive of the other train, and, passing quickly to the platform, jumped from the car and sustained the injuries in question. The collision did not throw either train from the track, but damaged to some extent the locomotive engines and cars of both. The conductor and baggage-master, who were standing in the smoking com-

partment, and two passengers in the rear car, were somewhat injured. At the time of the collision there were from eight to ten passengers riding in the smoking car, and from fifteen to twenty passengers in the rear passenger car of the train.

The plaintiff testified that he knew that, in case of a collision between two trains going in opposite directions, the rear end of the train was by far the safest place to be in; that the position taken by him in the baggage compartment was a dangerous one; but that if he had gone to the rear end of the train, across the platforms and along the aisles of the cars, with his back to the front of the train, and a collision had then taken place, he would have been likely to be seriously injured.

Upon these facts and this evidence, the defendant requested the judge to rule as follows:

" 1. There is no evidence in this case sufficient in law to entitle the plaintiff to maintain this action.

" 2. There is no evidence in this case that the plaintiff was in the exercise of due care, and this action cannot be maintained.

" 3. If the plaintiff, before he entered the baggage car, knew or believed, or had reasonable cause to believe, that the train to which said baggage car was attached would collide with another train, and knew that in case of such collision the baggage car was a dangerous place to be in, and that the safest place was at the rear end of the train, and he voluntarily entered and was riding in said baggage car at the time he jumped therefrom to avoid such collision, then the plaintiff himself assumed all the risks and dangers incident to such collision, and is not entitled to recover for injuries occasioned thereby, or by his jump from said baggage car, and this action cannot be maintained.

" 4. If the plaintiff, before he entered the baggage car, knew or believed, or had reasonable cause to believe, that the train to which said baggage car was attached would collide with another train, and that in case of such collision the baggage car was a dangerous place to be in, and that the safest place to be in was at the rear end of the train, and he voluntarily entered and was riding in said baggage car at the time he jumped therefrom to avoid such collision, then the plaintiff was himself guilty of negligence in riding and being in said car under such circum-

stances, and such negligence contributed to the injury, and this action cannot be maintained.

" 5. There is no evidence in this case that the plaintiff was in the exercise of due care in riding or being in the baggage car or compartment at the time he went out on to the front platform and jumped therefrom to avoid the collision, and this action cannot be maintained.

" 6. Upon the evidence in this case, it does not appear that the plaintiff was justified or excused in being in the baggage car or compartment at the time he jumped therefrom to avoid the collision, and he assumed all of the risks incident to that position, including the risks of the collision and the risk of jumping from the car, and this action cannot be maintained.

" 7. Although the plaintiff may have exercised due care in going out of the baggage car and jumping from the train, he was wrongfully in the baggage compartment at the time, and the fact of his being there contributed to his injury, and this action cannot be maintained.

" 8. If the plaintiff, after he went into the baggage compartment and stood at the window at the front end of the car, watching for the collision, continued to remain there for from two to three minutes, knowing that it was the most dangerous place on the train, and that the next car in the rear was a much safer place, then his remaining there under such circumstances was negligence which contributed to the injury, and this action cannot be maintained."

The judge refused so to rule, but instructed the jury, among other things, as follows:

" If an injury happens while a person is occupying a place provided for the accommodation of the passengers, nothing further is ordinarily necessary in order to show due care. But if the plaintiff's own evidence shows that he has left the place assigned for passengers, and is occupying an exposed position, and that the injury is due in part to the fact of such position, then he must necessarily fail unless he can also make it appear, upon some ground of necessity or propriety, that his being in that position was consistent with the exercise of proper care and caution upon his part. If a man voluntarily, and for his own convenience, takes an exposed position which is not

intended for passengers, and while in this position an emergency occurs, and he is placed in an exciting and alarming situation by the defendant's wrongdoing, he cannot recover, although what he does in the emergency would have been justified, had he not been in such a position. If the plaintiff went into the baggage car simply to ride as a passenger, or simply out of motives of curiosity, and while there an emergency happened, and he jumped and was injured, then he cannot recover. If, however, the plaintiff, while riding in the smoking car where he had a right to be, was placed in a perilous situation in consequence of the defendant's failure to fulfil its obligations, and as a prudent precaution, for the purpose of self-preservation, went into the baggage car intending to jump in case the other train did approach, then the fact of his being in the baggage car just before jumping does not prevent the plaintiff from maintaining the action, if, while endeavoring to escape, he conducted himself with ordinary and reasonable prudence and discretion.

" I want you to apprehend clearly these two positions. Ordinarily, a baggage car is not intended as a place for passengers to be in. It is an exposed place, to some extent. It is not furnished and fitted up for the purpose of taking passengers, and the court has held that if a passenger rides in a baggage car for his own convenience, for the purpose of smoking, without any necessity or propriety, and an accident occurs upon the road, to which his being in the baggage car or injury resulting from that conduces, then he cannot recover, because he had no business to be there, to put it in plain English. So, if a passenger chooses to ride upon a platform of a car, that is not a proper place unless he is there for some necessity; as, for example, if he is passing through the train in search of a seat, and an engine should run into the train while it was standing still, he has a right to pass over the platform for the purpose of getting a seat, he would be there from necessity; if he was injured there, he could recover. Now, if he is in a wrong place, and in an improper place, when the emergency happens, that fact prevents his recovery ; but if the emergency happens when he is in a proper place, then if he, for example, was in the smoking car, and while there the emergency happened, the danger, — there was a reasonable apprehension of danger, — then the law

does not prevent him, if he is in the exercise of proper care under the circumstances, from going into the baggage car, from going upon the platform, or, if the jury finds that it was a prudent thing to do, from jumping off the train.

" Therefore, if you find that his going into the baggage car was under a reasonable apprehension of danger, then comes another question, which is this: Was his going into the baggage car a reasonable precaution to avoid actual danger, such as persons of common prudence and discretion would naturally take, or be likely to take, under the same circumstances? If there was any want of due care in his own conduct which contributed to the injury, he cannot recover, however great the defendant's fault; and it must appear that, under all the circumstances in which he was placed, his conduct and the course he pursued was the natural, proper, and prudent precaution for the preservation of his life. In considering this, the law does not hold a man under circumstances like those in this case, where a collision is about to take place, — it does not hold him bound to do the best and the wisest thing under all the circumstances. It only holds him to that degree of care which other men of prudence and discretion would exercise under like circumstances. The fact that one man ran back is not conclusive upon the question that that was the best thing for this man to do, or the fact that some men jumped off the engine is not conclusive that it was best for the plaintiff to run and jump off. The mere fact that one man does one thing, and one another, is not conclusive, but the jury are to take all the circumstances in the case and to say whether the course which this man pursued, under all the circumstances, was a reasonable, prudent, and discreet one. If you find that it was, then the plaintiff is entitled to recover. If you find that it was not, then your verdict should be for the defendant."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. E. Bolles & R. D. Weston-Smith,* for the defendant.

*S. B. Allen,* for the plaintiff.

DEVENS, J. It was admitted that the collision between the train on which the plaintiff was a passenger and another train coming in the opposite direction occurred through the negli-

gence of the defendant's servants. The question for the jury was only whether the plaintiff was himself in the exercise of due care, or was guilty of negligence which contributed to his injury. The plaintiff had taken his seat in the after compartment of the combination car which was appropriated to smokers, the forward compartment being used for baggage, and was reading his paper when the train started. He did not at first notice that the train had commenced its journey, but after it was fairly under way observed it, and was aware from his knowledge of the time of the trains that it was in serious danger of a collision, which might occur at any moment. He threw down his cigar, passed into the baggage compartment of the car, stood at the door with his hand upon the knob prepared to jump, and did jump just before the two trains collided. If a passenger is in so dangerous a situation, by reason of the peril arising from an accident for the occurrence of which those who undertake to transport him are responsible, as to render his jumping a reasonable precaution, and is injured thereby, they are answerable to him in damages, even if he might safely have retained his seat, *Ingalls* v. *Bills*, 9 Met. 1. *Sears* v. *Dennis*, 105 Mass. 310. *Worthen* v. *Grand Trunk Railway*, 125 Mass. 99. *Linnehan* v. *Sampson*, 126 Mass. 506.

It is the contention of the defendant, that the action of the plaintiff in going into the baggage compartment showed a lack of due care on his part which should prevent him from maintaining this action, that he was wrongfully there without any justifying emergency, and thus that he assumed all the risks incident thereto. *Bates* v. *Old Colony Railroad*, 147 Mass. 255, 265. The plaintiff did not go into the baggage compartment for the purpose of being there transported, but in order to do something to save himself if a collision occurred. He was accustomed to the management of railroads, had often worked upon them, and might expect that he could, with a reasonable chance of safety, leap from the train when collision was imminent. The defendant urges that, as by his own admissions it appears that the plaintiff knew that the place he assumed was more dangerous than the place he left, and that the rear car was the safest place in the train, these facts are conclusive that the plaintiff was negligent in going there. No such con-

clusion follows: the place where he sat and the rear car were safer if the plaintiff proposed to do nothing to extricate himself from the peril in which the defendant had placed him.  He could not in either place ascertain when the collision would take place, and could there only abide the shock.  Nor could he g to the end of the rear car without danger; he could not te when the collision would occur; it might be that he would l thrown down in passing from one car to the other, or in walking along the aisle of the car with his back to the engine, when he would be in most serious danger.  Even if all the passengers in the two cars who remained in their seats in ignorance of the impending danger had escaped without injury, it would not be conclusive that the plaintiff was guilty of negligence in going into the baggage car, or had recklessly or unwisely misjudged what was prudent for him to attempt.  *Buel* v. *New York Central Railroad*, 31 N. Y. 314, 318.

The prudence of the plaintiff's conduct is not necessarily to be tested by the results of the accident to others in a different position.  Even if it were, as the exceptions show that serious injury did result to those who were sitting or moving in those parts of the train appropriated to passengers, it is entirely possible that the plaintiff would have sustained more serious injury if he had remained in his seat, or had attempted to reach the end of the rear car, than he did by his action.  The question whether the plaintiff acted with due and reasonable care, under all the circumstances, was one peculiarly for the jury, and was submitted to them under proper instructions.

*Exceptions overruled.*