ELLEN B. GANNON *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Barnstable. January 11, 1899. — March 2, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Action — Law and Fact.*

A lamp opposite where a female passenger in a railroad car was sitting blazed up, a bystander and then the conductor tried unsuccessfully to fan out the flame with their hats, and she changed her seat to the other end of the car, next to the baggage car. Then a brakeman tried to smother the flame with oily waste, which caught fire and blazed, part of it dropping on the floor, the flames came out underneath the lamp, the brakeman rushed for the rear end of the car, and it looked as if the car were on fire. Thereupon the passenger rose to go into the baggage car, and in doing so struck her arm, and was injured. In an action for the injury, an expert on lamps, who was a passenger, testified that the lamp needed more care than ordinary lamps, that the means used to put out the fire were dangerous, and that with proper skill the trouble could have been avoided. *Held*, that the case was rightly submitted to the jury.

TORT, for personal injuries sustained by the plaintiff while a passenger on the defendant's train. At the trial in the Superior Court, before *Sherman*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*H. P. Harriman*, for the defendant.

*H. H. Baker, Jr.*, (*G. A. King* with him,) for the plaintiff.

HOLMES, J.   This is an action for personal injuries suffered by the plaintiff while a passenger upon a train of the defendant. The case, as stated by the plaintiff's witnesses, was as follows. A lamp opposite where the plaintiff was sitting blazed up, a bystander and then the conductor tried to fan out the flame with their hats, but did not succeed, and the plaintiff changed her seat to the other end of the car, next to the baggage car. Then a brakeman tried to smother the flame with oily waste, which caught fire and blazed, part of it dropping on the floor, the flames came out underneath the lamp, the brakeman got down and rushed for the rear end of the car, and it looked as if the car were on fire.   Thereupon the plaintiff rose to go into the baggage car, presumably in some haste and fright, and struck her arm against the seat, hurting her ulnar nerve so badly that she fainted and fell.   An expert on lamps, who was a passenger, testified that the lamp needed more care than ordinary lamps, that the means used to put out the fire were dangerous, and that with proper skill the trouble could have been avoided.   The judge refused to take the case from the jury, and the defendant excepted.

The judge who tried the case was right.   We cannot say, as matter of law, how frightened the plaintiff was or ought to have been, or how great the peril of fire may have seemed.   There is no question before us of the degree of firmness which the plaintiff was bound to exhibit, or, more accurately, of the defendant's immunity from consequences due to unstable nerves. *Spade* v. *Lynn & Boston Railroad*, 172 Mass. 488. If the peril seemed imminent, more hasty and violent action was to be expected than would be natural at quieter moments, and such conduct is to be judged with reference to the stress of appearances at the time, and not by the cool estimate of the actual danger formed by outsiders after the event.   See *Linnehan* v. *Sampson*, 126 Mass. 506, 511, 512; *Hawks* v. *Locke*, 139 Mass. 205, 209; *Pomeroy* v. *Westfield*, 154 Mass. 462, 465.   We cannot say that an impulsive and somewhat unguarded rise from her seat was not a natural and reasonable consequence of the situation as it appeared to the plaintiff.   If it was, and if her

fear was reasonable, which, as we have said, we 'cannot pro-
nounce it not to have been, whatever we may conjecture that
we should have thought had we been the jury, then the plain-
tiff's conduct is recognized by the law as a consequence of the
defendant's mismanagement for which it is responsible. *Ingalls*
v. *Bills*, 9 Met. 1. *Sears* v. *Dennis*, 105 Mass. 310, 313. *Cody*
v. *New York & New England Railroad*, 151 Mass. 462, 468, 469.

The case of *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285,
does not establish a principle contrary to that of the foregoing
decisions. It admits that principle, and merely sets a limit to
its logical extent upon practical considerations.

*Exceptions overruled.*