MARY E. GILMORE *vs.* MILFORD AND UXBRIDGE STREET RAILWAY COMPANY.

FRANK H. GILMORE *vs.* SAME.

Worcester.    October 2, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence.    Street Railway.*

Whether a street railway company which sees fit to use as a motive power a force so imperfectly understood as electricity might not be liable for an injury to a passenger caused by a flash from the controller of a car although the flash could not have been prevented by any means that yet have been devised or by any care that could be exercised, *quaere.*

In an action against a street railway company for personal injuries from being struck by the elbow of a fellow passenger who was pushed and fell upon the plaintiff by reason of a burst of flame from the controller of an electric car of the defendant on which the plaintiff was a passenger, there was evidence that the flame illuminated the whole vestibule of the car and all the vicinity, that it seemed as though the whole front vestibule of the car was on fire, that the coat of a passenger who stood in the vestibule with the motorman was struck by the flame and its wearer could see a very slight mark on it the next morning, that there was dense smoke which affected the sight of this passenger until the next day, that the flame was a continuous one "with equal force" and lasted a quarter of a minute or more, that when the door into the front vestibule was opened a volume of smoke came into the car, that the plaintiff all at once heard a noise and turned and looked and the front vestibule seemed to be all ablaze, that when the door was opened the flame seemed brighter, that the plaintiff could see it as high as the door, and that a dense smoke and a stifling smell came into the car. *Held*, that there was evidence warranting a finding that the flame was not the instantaneous and harmless flame which results from a flash from a controller when in proper condition, but was attended by unusual results which would not have occurred if the controller had been in proper condition and that if proper care had been exercised there would have been no such flame, and that the plaintiff was entitled to go to the jury.

MORTON, J.    These two actions were tried together, and there was a verdict for the plaintiff in each.    The first is for personal injuries received by a married woman while a passenger in one of the defendant's cars from Hopkinton to Milford, and the second is by her husband for loss of services and for expenses incurred by him on account of the injury to her.    The cases are here on exceptions by the defendant to the refusal of the judge

to direct verdicts for the defendant and to rule that on all the evidence neither plaintiff could recover.

The accident was caused by an explosion or a burst of flame or a flash from the controller on the car on which the female plaintiff was. The defendant contends that there was no evidence warranting a finding that what occurred was due to negligence on its part, and that it was the case of an ordinary flash from the controller which there is no way to prevent, and the occurrence of which would not therefore import negligence on its part. It further contends, though this is, perhaps, included in the statement of its contention already made, that there was no evidence of failure on its part to properly inspect the controller.

The defendant's contention implies that it is not liable for an injury caused by a flash from the controller which could not be prevented by any means that have yet been devised or any care that could be exercised. We doubt the correctness of that proposition. It would seem that if the company sees fit to use a force which is so imperfectly understood that no method has yet been devised for preventing a flash from the controller, the company and not the passenger should bear the risks arising from its use.

But however that may be there was testimony tending to show that what occurred was much more than an ordinary flash from the controller. A witness who stood in the vestibule with the motorman testified *inter alia* that " the flame illuminated the whole vestibule and all the vicinity. The flame struck his coat and he could see a very slight mark there the next morning. . . . There was some smoke. The fumes from whatever burned and the smoke there were dense; . . . he was also affected in his sight very badly that evening; . . . the next morning he felt the effects a little, but not so much. . . . As near as he could put it, the length of time of the flame would be a quarter of a minute, or a little more possibly." On cross-examination he testified that " the flame was a continuous flame with equal force." Another witness testified, " that as soon as he saw the flash in the front vestibule the passengers seemed to rise up around him and make a rush towards the back of the car, that he got excited himself and looked up and it seemed as though

the whole front vestibule of the car was on fire. . . . As near as he could judge the flame lasted from fifteen to twenty seconds." Still another witness testified that, "we went along all right until we got to the town house.  Then a sort of a report and the car was illuminated in the front vestibule and I thought the front of the car was all aflame. . . . He should say that it lasted about eighteen seconds. . . . When the door was opened [i. e. the door into the front vestibule] a volume of smoke came into the car." The female plaintiff testified, "that when the car got in the vicinity of the town house, all at once she heard a noise and turned and looked and the front vestibule seemed to be all ablaze, and the passengers seemed to be scuffling around in there, and heard the door opened and the passengers in the car all jumped to their feet as far as she could see on both sides of the car.  They all seemed to push as though they were trying to leave the car.*  The flame was just a bright light and seemed to illuminate the whole vestibule, and when the door was opened it seemed brighter.  She could see it as high as the door.  A dense smoke came into the car, and a stifling smell.  Should think the flame lasted a quarter of a minute or more." There was testimony tending to contradict the statements thus made and to show that what occurred could not have been so serious as thus represented.  But it was for the jury to say what the nature of the occurrence was.  With slight adaptations the language used by Mr. Justice Hammond in delivering the opinion of the court in *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156, 161, will, we think, apply here.  "The jury upon the evidence may have found that the flame in this case was not the instantaneous and harmless flame which results from [a flash from a controller] when in proper condition; that [the flame] was attended with unusual results which would not have occurred if the [controller] had been in proper condition, and that the most reasonable conclusion was that if proper care had been exercised there would have been no such flame." The defendant introduced evidence tending to show that it exercised proper care and diligence in inspecting the controller.  But the weight to be given to this evidence was clearly for the jury.  The result

---

* The plaintiff was injured from being struck in the groin by the elbow of a passenger who was pushed and fell upon her.

is that we think that the exceptions must be overruled in both cases.

*So ordered.*

*W. Williams, J. C. F. Wheelock & G. B. Williams,* for the defendant.

*J. B. Ratigan, J. E. Swift & J. J. Moynihan, Jr.,* for the plaintiffs.