ALBERTINA STEVERMAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

CLEMENT C. STEVERMAN *vs.* SAME.

Suffolk.    March 2, 1910. — May 17, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Street railway. *Carrier*. *Pleading, Civil*, Declaration. *Actionable Tort*. *Damages*.

At the trial of an action by a woman against a street railway company to recover for injuries alleged to have been received by the plaintiff while she was a passenger upon a closed electric car of the defendant, the plaintiff testified that, while she was sitting on a seat of the car, her ankles felt hot and, looking down,

she saw flames " gushing right out and my clothes got afire and I jumped very quickly aside . . . and in doing so I got a terrible stitch in my left side." It also appeared, that a fellow passenger quickly " clapped " out the fire in the plaintiff's clothing, and that her dress and boots were burned only slightly. The defendant introduced evidence tending to show that there was but a slight outburst of flame which caused the passengers to leave their seats only a short time, but offered no explanation of the presence of the flames. *Held*, that there was evidence which warranted the jury in finding that the presence of the flames was due to negligence for which the defendant was responsible, that the plaintiff acted reasonably in anticipating bodily injury from the flames and springing to her feet; and therefore that the injury to her side was caused by negligence for which the defendant was accountable.

In order that an action may be maintained against a carrier by a passenger who was injured while attempting to avoid what at the time appeared to the passenger to be imminent peril, it is sufficient to show that, with a reasonable anticipation of bodily injury as the situation then appeared, the passenger acted on the urgency of the moment and was hurt, although afterwards it may be plain that all danger might have been avoided by mere inaction on his part.

A declaration in an action of tort by a woman passenger against a street railway company alleged that the plaintiff " was injured through the negligence of the defendant, its agents and servants, by means of fire being set to her clothing from the electric heating apparatus of the said car, or other appurtenances of the said car, so that the plaintiff received severe injury to body and mind." The evidence of the plaintiff tended to show that, as the plaintiff sat upon a seat in the car, flames came from beneath the seat and set fire to her clothing, and that she sprang up and in doing so wrenched her side, that the injury to the clothing was slight, but that the injury to the side was severe. *Held*, that under the declaration the plaintiff could claim damages for the injury to her side.

At the trial of an action by a woman against a street railway company to recover for personal injuries alleged to have been caused by flames which came from beneath a seat of a closed electric car of the defendant upon which the plaintiff was a passenger, the plaintiff testified that, as she was sitting in the car, her ankles felt hot and, looking down, she saw flames " gushing right out and my clothes got afire and I jumped very quickly aside . . . and in doing so I got a terrible stitch in my left side." There was evidence from which the jury would have been warranted in finding that the presence of the flames in the car was due to negligence for which the defendant was responsible. The flames only slightly burned the plaintiff's clothing and in no way burned her person. The defendant asked the presiding judge to rule that " there is no evidence of physical injury," and that " the act of standing up, not accompanied with physical contact with any part of the car, is not such physical injury or battery as will warrant the submission of the case to the jury." The rulings were refused and there was a verdict for the plaintiff. *Held*, that the rulings were refused rightly, since, if the jury found, as they were warranted in finding on the evidence, that the plaintiff, acting as a reasonable person in the presence of danger, moved to one side quickly and in doing so wrenched her side and thereby suffered an external injury accompanied by a serious nervous shock causing severe pain, they might treat her injuries, in assessing damages, as the direct result of the accident.

TWO ACTIONS OF TORT. The declaration in the first action alleged that the plaintiff, a married woman, while a passenger

upon a car of the defendant, " was injured through the negligence of the defendant's agents and servants by means of fire being set to her clothing from the electrical heating apparatus of said car or through the appurtenances of said car so that the plaintiff received severe injury to body and mind." The second action was by the husband of the plaintiff in the first action to recover for loss sustained by reason of her injuries. Writs dated December 22, 1906.

The cases were tried together before *Hitchcock*, J. The plaintiff in her direct examination described the accident as follows : " I was sitting there and all of a sudden my ankles felt hot and I looked down and saw the flames gushing right out and my clothes got afire and I jumped very quickly aside and I don't know — I must have wrenched my side or got a shock of some kind but I jumped and in doing so I got a terrible stitch in my left side here. A gentleman opposite me jumped across the car and clapped the flames out. I was up then and I sat down a moment to rest. I was in a terrible nervous condition and I felt all of a tremble and I had this terrible pain all up through me and it seemed to go to my head, a kind of a clinching. They asked me to write my name. The conductor came up and I wrote ' C. Steverman ' but I could n't do any more."

Other facts are stated in the opinion.

At the close of the evidence the defendant asked the presiding judge to rule as follows :

" 1. On the pleadings and evidence there should be a verdict for defendant."

" 3. There is no evidence of physical injury."

" 4. The act of standing up, not accompanied with physical contact with any part of the car, is not such physical injury or battery as will warrant the submission of the case to the jury."

The judge refused to make any of these rulings, and ruled that " the burning of the dress would not be sufficient to allow any fright injuries," and in his charge gave to the jury among other instructions the following :

" If by the negligence of the defendant the plaintiff was put in a dangerous place and she did at that time what a reasonably prudent and careful person would do to get herself out of that

dangerous position and if her act was an act, although impulsive and somewhat unguarded, which might be a natural and reasonable consequence of the situation, and in so doing she received a physical injury by the wrench of her side or in any other way, that would be an injury for which the defendant might be responsible, if it was responsible for anything in connection with the occurrence. If there is physical injury as a result of the negligence of the defendant, and fright or nervous shock accompanies it or follows it, why then the fright or nervous shock is an element that may be taken into consideration in determining any question of damages that the plaintiff may be entitled to recover."

There were verdicts for the plaintiffs; and the defendant alleged exceptions.

The cases were submitted on briefs.

*R. A. Sears & J. E. Hannigan,* for the defendant.

*D. H. Coakley, R. H. Sherman & W. M. Hurd,* for the plaintiffs.

BRALEY, J. The defendant contends that verdicts should have been ordered in its favor as there was no proof of physical injuries received by Mrs. Steverman, to whom we shall refer as the plaintiff, or, if the evidence warranted a finding to the contrary, that the cause of action proved is not described by the allegations of the declaration.

The plaintiff having been accepted as a passenger, the defendant became bound to exercise in the management of its car the highest degree of care required by the circumstances to protect her from injury during transportation. *Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284. It is not easy to suggest by way of illustration incidents arising from the manner in which a car may be operated by electricity more likely to cause passengers great apprehension of bodily harm than the situation with which the plaintiff, without warning or previous experience, was confronted. In substance, her description of what happened was uncontroverted. Upon her taking a seat the car proceeded, when, her attention having been attracted by a sensation of heat, she saw flames flash out from the part of the car where she was riding, and that her clothing had taken fire. If she at once jumped away from the danger, the jury would have been jus-

tified in finding that she acted from a natural instinct of self-preservation and that the apprehension of the peril was none the less real because after a fellow passenger " clapped " out the fire in her clothing, it appeared that her dress and boots were only slightly scorched.   The defendant, while introducing testimony of a flash followed by smoke and a slight outburst of flame causing the passengers to leave their seats, which they shortly resumed after the conductor made an investigation, offered no explanation of the explosion, and the plaintiff as the evidence stood had been exposed to a sudden and grave danger, for which the defendant could be found liable.   *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156.   *Gilmore* v. *Milford & Uxbridge Street Railway*, 193 Mass. 44.   *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527.   By remaining seated, the fire might have spread to other parts of her clothing, becoming more difficult to extinguish, and even if the occurrence was of such short duration that she need not have moved, it was a question of fact whether she used ordinary precaution.   It is sufficient if with a reasonable anticipation of bodily injury as the situation then appears, a passenger acts on the urgency of the moment and is hurt, although afterwards it may be plain that by mere inaction all danger would have been avoided.   *Cody* v. *New York & New England Railroad*, 151 Mass. 462, 468.   *Gannon* v. *New York, New Haven, & Hartford Railroad*, 173 Mass. 40, 41.   *Hanley* v. *Boston Elevated Railway*, 201 Mass. 55, 58.

Nor was the declaration insufficient.   If the plaintiff's injury was alleged to have been caused " by means of fire being set to her clothing from the electric heating apparatus of the said car, or other appurtenances of the said car," the presence of fire, from whatever source it may have sprung, preceded by an explosion, set in motion a train of uninterrupted events resulting in the plaintiff's injury.   *Oulighan* v. *Butler*, 189 Mass. 287, 292, and cases cited.   *Doe* v. *Boston & Worcester Street Railway*, 195 Mass. 168, 171.   *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535, 539.

The defendant's principal argument, however, is, that the first, third and fourth requests should have been given, as there was no evidence of external physical injury.   *Spade* v. *Lynn & Boston Railroad*, 168 Mass. 285, 290.   But through the defend-

ant's negligence fire had been generated, and communicated to the plaintiff's clothing, even if it did not burn her body. It is not only an assault, but a battery by the actor, where a dangerous physical force which he has intentionally put in motion comes in contact with the clothing of the person against whom it is directed, although he may be neither bruised nor wounded. *Commonwealth* v. *Hagenlock,* 140 Mass. 125. *Commonwealth* v. *Hawkins,* 157 Mass. 551. *Respublica* v. *DeLongchamps,* 1 Dall. 111. *United States* v. *Ortega,* 4 Wash. C. C. 531. *Kirland* v. *State,* 43 Ind. 146. *The Queen* v. *Day,* 1 Cox C. C. 207. The injury to the person by the impact of force coming from without, whether intentionally or negligently inflicted, may leave no external marks of violence, while most seriously affecting health or possibly life itself. If the defendant was not bound " to anticipate, or to guard against an injurious result, which would only happen to a person of peculiar sensitiveness," it was required to protect the plaintiff from possible injuries attributable to its negligence. It is an over refinement for the defendant to urge that the plaintiff's clothing was separable from her person, and that the resulting strain and shock when she sprang to avoid an anticipated danger was not a physical injury, which if her person had been even slightly burned must have been conceded. *Cameron* v. *New England Telephone & Telegraph Co.* 182 Mass. 310, 312. But if the jury were satisfied from her evidence that, while making the movement, she wrenched the muscles of her side and thereby suffered an external injury accompanied with serious nervous shock, causing severe pain, they might treat her injuries, when assessing damages, as the direct result of the accident. *Warren* v. *Boston & Maine Railroad,* 163 Mass. 484, 487. *Gannon* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 40. *Berard* v. *Boston & Albany Railroad,* 177 Mass. 179.

The first, third and fourth requests were rightly refused, and the instructions were sufficiently favorable to the defendant.

*Exceptions overruled.*