Bolster, C. J.
At the argument, the plaintiff waived her first three requests. They could not properly have been *252 given. International Textbook Co. v. Martin, 221 Mass. 1, 8. The remaining requests, if they are to be considered as anything more than horatory requests for findings of fact, were not in terms refused as unsound in law, but for assigned reasons noted on the requests. The judge ruled in so many words that the burning was evidence of negligence, which is another way of saying that the evidence permitted a finding of negligence. The plaintiff’s argument fails to discriminate between evidence which permits a finding and evidence which compels a finding. “Res ispa” carries lease, not command.
The judge found that the defendant’s explanatory testimony about the accident repelled the inference that it was due to carelessness which might have been drawn. To speak in this connection of presumptions and prima facie proof merely befogs the issue, which is only of evidence supporting an inference.
• The judge further found as a fact that the flash and smoke which the plaintiff claims did her harm were caused by the burning of an insulator supporting the third rail, and,.by fair inference, that it was not caused by the burning out of a cable. Therefore, the soundness of the cable is immaterial so long as that finding stands.
• The sixth request, apart from the question whether the burning out occurred in the cable or the insulator, is based upon, what is said in Gilmore v. Milford &c. Co., 193 Mass. 44, and is a fair example of the practice condemned in Swan v. Justices of the Superior Court, 222 Mass. 542, 545. The Gilmore case went up on the refusal of a motion-for a directed verdict for the defendant. What the plaintiff now advances as a rule of law was there stated, professedly as a “semble”, in answer to the defendant’s argument that •if in its use of electricity it did the best it could, no inference of carelessness could be drawn from the occurrence of *253 the accident. It is quite a different thing to say that there is to be liability without fault, which is what the sixth request says. Negligence is still the test of liability.
The only other matter involved is the unsworn statement by counsel for the defendant, at the close of argument, that the answer to interrogatory 17, in which it was stated that a cable in the tunnel short-circuited, was erroneous, because he “undertook to answer the question himself without any specific knowledge of the facts”. It was highly improper for counsel thus to substitute for a sworn answer his own unsworn statement. It was still more censurable to have substituted his own ignorance of the facts for an answer by an officer whose statements bind the defendant, and are to be made on oath after such investigation into facts as the law requires. Such a practice by an officer of the court cannot be condoned. The present question, however, is whether such a situation calls for an order of re-trial. It may be assumed that if this situation had arisen in a jury trial, a mistrial could properly have been declared. Bowers, Judicial Discretion of Trial Courts, Sections 524-5, 571. On the other hand, a judge could have merely instructed the jury to disregard improper statements by counsel, cf. Betts v. Rendle, 236 Mass. 441, and which course should be pursued would lie in his discretion. Kennedy v. Armstrong, 223 Mass. 354. The offense is largely one of degree.
When such a case arises in a trial to a judge, there is the more reason for leaving it to discretion, rather than adopting an arbitrary rule. If it can be assumed that a trial judge knows some law cf. Sylvester v. Shea, 280 Mass. 508, 510, it should equally be assumed that he will ignore such improper statements as were made here. It is not without significance that the judge denied a motion for a new trial, based in part on the conduct of counsel. We think the better rule is to require the objecting party to move to strike *254 the offending statements from the record. If such a motion were made and granted, we do not think a-mistrial should he declared. If it had been refused, without qualification, we should he inclined to call it error. But if the judge had merely said that he should ignore the statement of counsel, we think he should be taken at his word. The plaintiff should have put the judge to the test, rather than lie by and argue in review that justice must have miscarried.
Report dismissed.