WASHINGTON AND GEORGETOWN RAILROAD CO.

*v.*

HICKEY.

PRACTICE; MOTION IN ARREST; DEFECTS CURED BY VERDICT; VARIANCE; RAILWAYS; RAILWAY CROSSINGS; GATES AND GATEKEEPERS; NEGLIGENCE; CONTRIBUTORY NEGLIGENCE; PASSENGERS, DEGREE OF CARE OF; EXCESSIVE VERDICT.

1. Where a supposed defect in a declaration, sought to be taken advantage of by motion in arrest of judgment, proves to be but a defective statement of a good cause of action, and not the statement of an insufficient cause of action, the defect is cured by the verdict.

2. Where in an action against two railway companies, one a street and the other a steam railway, by a passenger in a car of the street railway for injuries sustained at a point where the street railway line was crossed by the steam railway line, the declaration alleges negligence on the part of the servants of both defendants, it is not necessary to aver in the declaration that a gatekeeper, whose negligence in part contributed to the injury, was the servant of one of the defendants, or that such defendant was bound to maintain the gates at the crossing.

3. If in such a declaration the plaintiff alleges that in the commotion and excitement caused among the passengers in the car in which she was riding, by an anticipated collision, she was pushed or shoved from her seat and thrown to the ground, evidence that she jumped off the car in her effort to avoid injury will not constitute a fatal variance.

4. The letting down of gates at a railway crossing upon a street car when the car is immediately upon the crossing, with a locomotive train approaching, is more than ordinary negligence on the part of the gatekeeper.

5. The failure of the driver of a street railway car to observe proper precautions before attempting to cross a steam railway track is gross negligence.

6. Where a person suffers an injury from the joint or concurrent negligence of two parties, and both are negligent in a manner which contributes to the injury, they are liable jointly and severally, and no mere comparative degree of care required,

or comparative degree of culpability, will affect the liability of either of the defendants.

7. A passenger in a public conveyance is not bound to use the highest conceivable prudence and caution in looking out for his or her own safety, but only reasonable prudence and caution; and an act done by the passenger in the presence of impending danger for the purpose of escaping therefrom may not under the circumstances constitute contributory negligence, although it may in fact have contributed to the production of the injury complained of.

8. An instruction to the jury in a personal injury case that if they find for the plaintiff they should award such damages, within the limits of the sum claimed in the declaration, as will fairly and reasonably compensate the plaintiff for the injuries suffered, is not erroneous as suggestive of excessive damages, especially where the record shows the verdict to have been for $12,000, while the declaration claimed $30,000.

No. 364.  Submitted February 6, 1895.  Decided March 4, 1895.

HEARING on an appeal by the defendants from a judgment on verdict in an action for damages for personal injuries. *Affirmed.*

The COURT in its opinion stated the case as follows:

This action was brought by Margaret L. Hickey and John P. Hickey, husband and wife, the appellees on this appeal, against the Washington and Georgetown Railroad Company and The Baltimore and Potomac Railroad Company, the appellants, to recover for injuries suffered by the female appellee, occasioned, as alleged, by the joint or concurrent negligence of the agents or servants of the two railroad companies.

The Washington and Georgetown Company operated a line of street railway horse cars, for the carriage of passengers, on Seventh street west, running north and south, and crossing Maryland avenue, in the city of Washington; and The Baltimore and Potomac Company operates a steam car railroad, for the carriage of passengers and freight, and runs east and west, over and along a part of Maryland avenue.  These two lines of railroad cross each other at the intersection of Seventh street west and Maryland avenue.

At this point of intersection, in order to avoid collisions at the crossing, and to protect persons and vehicles passing on Seventh street, there were gates maintained, in charge of a gatekeeper, by the steam railroad company. These gates consisted of wooden arms, which, by means of cranks, could be lowered simultaneously on both sides of the steam railroad tracks from an upright to a horizontal position across Seventh street. The gatekeeper, charged with the management of the cranks, was an employee of the steam car railroad company, as shown by the evidence; and it was his duty to lower the gates whenever a train or locomotive was approaching the crossing on Maryland avenue. These gates were situated one on the north side and one on the south side of the steam car tracks, about twelve and a half feet apart; and it required only a short time, less than a minute, to lower or raise the gates.

The accident occurred on the 12th of August, 1889, at this crossing. The female plaintiff was a passenger in a street car, running on Seventh street, which crossed from north to the south side of the steam car tracks, on the occasion when the accident occurred. In the declaration it is alleged that she became a passenger in the street car at the junction of Seventh street west and Pennsylvania avenue, etc., and thence said car proceeded southerly along Seventh street until it approached the point before mentioned where the tracks of the said steam car railroad cross Seventh street, and as the said street car approached said crossing, going south, a train of cars operated and managed by the agents and servants of The Baltimore and Potomac Railroad Company also approached said crossing from the west; "and the plaintiffs aver that it was the duty of the driver of the said street car, and of the engineer and other employees of the defendant, The Baltimore and Potomac Railroad Company, to so conduct and manage the said street car, and the said train of steam cars, as to avoid danger to the passengers in said street car; but the plaintiffs aver that, unmindful of

their duty in the premises, the said defendants and each of them, and their and each of their servants and employees in charge of said car and train, conducted themselves so carelessly and negligently that as said street car approached said crossing the gatekeeper who was operating the gates or guards at said crossing, which, etc., negligently allowed the driver of said street car to drive the same partly beneath the said gates and partly over and across the tracks of the said Baltimore and Potomac Railroad Co.; and the plaintiffs further aver, that the driver of said street car so negligently and carelessly conducted and managed his said car that before said street car could entirely cross said tracks the said gates were suddenly lowered upon said street car, said train of steam cars approaching rapidly all the while, and the passengers in said street car, seeing the danger of impending collision, and endeavoring to save themselves from the consequences thereof, rushed from said street car to a place of safety upon the ground, and in the confusion thereby created the female plaintiff, who was conducting herself in a careful and prudent manner, was pushed and shoved from her seat in said car and thrown violently to the ground, and in falling her foot and leg were caught beneath the wheels of said car, and said wheels passed over the same, crushing and breaking the bones of the ankle and leg and almost severing the foot from the leg, and she further sustained severe cuts and bruises in various parts of her limbs and body, etc.   .   .   .   And the plaintiffs aver that the injuries occasioned to the female plaintiff were caused by the gross carelessness and neglect of said defendants, and each of them, their and each of their servants and employees," etc.

The defendants pleaded separately, and each pleaded the general issue plea of not guilty. The verdict being for the plaintiffs, there was a motion in arrest of judgment by The Baltimore and Potomac Railroad Company, one of the defendants, and also a motion for a new trial by both of the defendants. Both motions were overruled—the motion for

a new trial being overruled upon condition that half the amount of the verdict be remitted, and the *remittitur* was accordingly entered, and the judgment was entered upon the verdict for $6,000 and costs. It is from this judgment that each of the defendants have appealed.

[At the trial, the plaintiff asked five instructions, all of which were granted over the objection of the defendants, as follows:

" 1. If the jury believe from all the evidence that on the 12th day of August, 1889, the plaintiff Margaret L. Hickey was a passenger on one of the cars of the defendant, the Washington and Georgetown Railroad Company, on Seventh street west, which car was approaching the steam railroad track of the defendant, The Baltimore and Potomac Railroad Company, on Maryland avenue southwest, upon which a train of steam cars was approaching the point of junction from the west, and while said street car was approaching said point the agents of the said Washington and Georgetown Railroad Company so negligently and imprudently managed the said street car, and the agents of the defendant, The Baltimore and Potomac Railroad Company, engaged in running the said train of steam cars and the gatekeeper operating the gates at the crossing, if the jury believe from the evidence that he was an employee and agent of The Baltimore and Potomac Railroad Company, so negligently and imprudently managed said gates that the passengers in said street car were under a reasonable apprehension that a collision between said street car and said train of steam cars was imminent and that in a reasonable effort to avoid injury from said collision the said Margaret L. Hickey jumped from said car, or through the conduct or efforts of some other passenger or passengers in said car, acting in a reasonable apprehension of an approaching collision, in endeavoring to avoid injury from such collision, was pushed and shoved from said street car and was thereby thrown to the ground, sustaining the injuries for which this suit is

brought, then the verdict of the jury should be in favor of the plaintiffs and against both defendants, even though the jury should believe that had the plaintiff Margaret L. Hickey remained or have been allowed to remain in said street car she would have in fact avoided any injury.

"2. If the jury believe from all the evidence that on the 12th day of August, 1889, the plaintiff Margaret L. Hickey was a passenger on one of the cars of the defendant, the Washington and Georgetown Railroad Company, going south on Seventh street near the junction of the tracks of said company with the track on Maryland avenue of The Baltimore and Potomac Railroad Company, and while in said car and while in the exercise of due care and prudence the engine and cars of a train of The Baltimore and Potomac Railroad Company, which was approaching the point of junction from the west, was so carelessly and negligently managed by the engineer and persons in charge thereof, and that the gatekeeper operating the gates at the crossing, if the jury believe that he was an employee and agent of the said Baltimore and Potomac Railroad Company, so negligently managed the said gates at said time that as said street car and said train of steam cars approached each other the plaintiff Margaret and other passengers in said street car were under a reasonable apprehension that a collision was imminent and the said Margaret jumped off said car in a reasonable effort to avoid injury from such collision or was pushed or thrown from said car by some other passenger or passengers endeavoring in a reasonable manner to avoid injury from such collision, and the plaintiff Margaret was thereby injured, then the plaintiffs are entitled to recover against the defendant, The Baltimore and Potomac Railroad Company, even though the jury believe from the evidence that by remaining or being allowed to remain in said street car the said plaintiff Margaret would, in fact, have avoided injury.

"3. If the jury believe from all the evidence that the plaintiff Margaret L. Hickey on August 12, 1889, was a

passenger on one of the cars of the Washington and George-
town Railroad Company going south on Seventh street near
the junction of the tracks of said company with the track on
Maryland avenue of the defendant, The Baltimore and Poto-
mac Railroad Company, and while in said car and while in
the exercise of due care and prudence, through the negli-
gence of the driver of said street car said car was so managed
and driven towards and upon said steam track as a train of
steam cars thereon was approaching from the west that the
plaintiff Margaret and other passengers in said street car were
under a reasonable apprehension that a collision was immi-
nent, and while under such apprehension and in a reasonable
manner the plaintiff Margaret jumped from the car in an
effort to avoid danger from such collision or was pushed and
thrown from said car by some other passenger or passengers
on said street car, likewise under a reasonable apprehension
of an impending collision and in a reasonable endeavor to
avoid the same, and thereby the plaintiff Margaret was
injured, then the plaintiffs are entitled to recover against
the defendant, the Washington and Georgetown Railroad
Company, even though the jury may believe that if the plain-
tiff Margaret had remained or been allowed to remain in
the car she would not, in fact, have been injured.

"4. If the jury find from all the evidence that the plaintiffs
are entitled to recover in this action, then they shall award
such damages within the limits of the sum claimed in the
declaration as will fairly and reasonably compensate the
plaintiff Margaret for the pain and suffering caused to her
by the injury which she sustained and for the injury to her
bodily health and power of locomotion, if any such they
find, which she has sustained in the past and will continue
to sustain in the future as a natural consequence of said in-
jury, and for such internal injuries and impairment to her
physical health as they may find to be established by the
evidence.

"5. The jury are instructed that if they find from all the

evidence that the plaintiffs are entitled to recover they may find a verdict against both the defendants or against one and not against the other, as they may find the liability of both or only one of the defendants from the evidence."

The defendant, The Baltimore and Potomac Railroad Company, asked twelve instructions to the jury, those numbered 1 and 9 of which were granted, and the others refused; and to the refusal of each of them the said defendant duly excepted. The instructions requested were as follows:

" $\frac{1}{2}$. Under the pleadings and evidence in this cause the plaintiffs are not entitled to recover against the defendant, The Baltimore and Potomac Railroad Company, and their verdict must be for said defendant.

" 1. Under the pleadings in this cause the plaintiffs are not entitled to recover for any negligence, if any, on the part of the employees of the defendant, The Baltimore and Potomac Railroad Company, in respect of the rate of speed of its steam train approaching Seventh street from the west at or about the time of the accident to the female plaintiff.

" 2. Unless the jury believe from the evidence that the train of cars approaching Seventh street from the west on the tracks of the defendant, The Baltimore and Potomac Railroad Company, just prior to the accident to the female plaintiff, was going at a greater rate of speed than twelve miles an hour, then there is no evidence in the cause from which the jury can find that the persons in charge of said train were negligent or careless in the discharge of their duty to the female plaintiff.

" 3. Under the issues joined in this case the plaintiffs are not entitled to recover for any injuries to the female plaintiff caused by the negligence of the gatekeeper.

" 4. If the jury believe from the evidence that the gatekeeper started and was proceeding to lower the gates in time to let them completely down before the train approaching from the west reached Seventh street, then said gatekeeper was not negligent in the discharge of his duty, even though

they should further believe from the evidence that the driver of the street car in which the female plaintiff was riding did not stop his car before proceeding underneath the descending gates partly across the tracks of the defendant, The Baltimore and Potomac Railroad Company.

" 4½. If the jury believe from the evidence that just before the accident to the female plaintiff the gatekeeper started and was proceeding to lower the gates in time to let them completely down before the train approaching from the west reached Seventh street, and with reasonable and proper regard for the rights and safety of persons and vehicles using said street, then said gatekeeper was not negligent in the discharge of his duty, even though they should further find from the evidence that the driver of the street car in which the female plaintiff was riding did not stop his car before proceeding underneath the descending gates partly across the tracks of the defendant, The Baltimore and Potomac Railroad Company.

" 5. It was the duty of the driver of the street car in which the plaintiff was riding, before attempting to cross the tracks of the defendant, The Baltimore and Potomac Railroad Company, to look carefully to see whether the gates were descending and that no train was approaching near enough to cause injury to the passengers in his car or to excite apprehension of a collision in the minds of the passengers, and if the jury find that the said driver, without using these precautions, drove his car underneath the descending gates (if the jury find the gates were descending as the street car approached and in time to be completely lowered before the arrival at Seventh street of the steam train approaching from the west), thereby causing commotion on the car, in consequence of which the female plaintiff was injured, then such injury must be attributed to the negligence of said driver, and not to any neglect of duty on the part of the gatekeeper, and the verdict must be for the defendant, The Baltimore and Potomac Railroad Company,

unless the jury should further find that said train was being negligently run or its speed greater than twelve miles an hour.

"6. If the jury believe from the evidence that the rush of passengers and consequent confusion alleged, which led to the plaintiff being pushed or shoved from the car, as alleged, was caused by the driver of the Washington and Georgetown Railroad Company proceeding with his car underneath the descending gates erected for the purpose of preventing danger to vehicles and foot passengers, and that his so doing was an act of negligence on his part, and that the gatekeeper, then in the act of lowering the gates, did not know and had no reason to believe that the driver would not stop his car before reaching said steam-car tracks, then The Baltimore and Potomac Railroad Company is not responsible for such negligence. It is not responsible for the negligence of the said driver, and was not called upon to anticipate such negligence.

"7. Unless the jury believe from the evidence that the injury to the female plaintiff was caused by her being pushed or shoved from her seat in the car in which she was riding, as alleged in the declaration, then the plaintiffs are not entitled to recover under the issues joined in this cause in respect of any injury sustained by her.

"8. If the jury believe from the evidence that the female plaintiff voluntarily jumped from the car in which she was riding, as testified to by witnesses in behalf of the defendants, the plaintiffs are not entitled to recover under the issues joined in this cause.

"9. In this action the plaintiffs are not entitled to recover for medical or other attendance or expenses, nor for loss of time in consequence of the injury sustained, nor for the loss to the male plaintiff of the services or society of his wife.

"10. Unless the jury believe from the evidence that the foot of the female plaintiff was run over by a wheel of the street car in which she was riding, then the plaintiffs are

not entitled to recover under the issues joined in this cause for any injuries sustained to the foot of the female plaintiff."

The defendant, the Washington and Georgetown Railroad Company, asked nine instructions to the jury, as follows:

"1. The declaration in this cause charges the duty of the defendants, which is the predicate of the negligence complained of, as follows: 'So to conduct and manage the said street car and the said train of steam cars as to avoid danger to the passengers in said street car;' and then proceeds to aver specifically the breaches of the alleged duty whereby the injury complained of was sustained. The jury are instructed that the negligence charged against the defendants consists in the breaches of duty specifically alleged, and that they are not at liberty in this action to consider any other negligence.

"2. While each defendant was bound to avoid danger to the passengers in the street car, neither of the defendants was responsible for the act or omission of the other.

"3. If the jury shall find from the evidence that the rush of passengers and consequent confusion alleged, which led to the plaintiff being pushed or shoved from the car, as alleged, was caused by the sudden lowering of the gates upon the street car, as testified to in behalf of the plaintiffs, and that such lowering of the gates was an act of negligence on the part of the gatekeeper, the servant of The Baltimore and Potomac Railroad, but that the agents of the Washington and Georgetown Railroad Company did not know, and had no reason to believe, that the gates would be so lowered, then the latter defendant is not responsible for such negligence. It is not responsible for the negligence of the said gatekeeper, and was not called upon to anticipate such negligence.

"4. If the injury to the plaintiff was caused by her being shoved or pushed from the car in the rush of passengers and confusion resulting from the sudden lowering of the gates, as mentioned in the preceding prayer, there is no evidence that the conduct and management of the street car

entered into or contributed to the negligence of the gate-keeper, and the verdict of the jury, if they find the injury was so caused, must be in favor of the Washington and Georgetown Railroad, defendant.

" 5. If from the whole evidence the jury should find that the street car could and would have passed the steam track without injury to the plaintiff except for the lowering of the gates upon said car after they had been raised to allow the car to pass over the steam track, and that the said lowering was the cause of the injury to the plaintiff and was an act of negligence on the part of the gatekeeper, then the Washington and Georgetown Railroad is not responsible for said injury, and the verdict of the jury must be in its favor.

" 6. If the jury shall find from the evidence that the injury to the plaintiff was caused by her jumping from the car voluntarily, and not as set forth in the declaration, the plaintiffs are not entitled to recover in this action. The declaration does not aver that the injury was caused by her own act, impelled by sudden alarm and to avoid imminent danger, and her own evidence is to the contrary.

" 7. The plaintiffs are not entitled to recover in this action for medical attendance or expenses, nor for loss of time on the part of the injured plaintiff, nor the loss of her services on the part of her husband.

" 8. If it is ruled that under the declaration it may be shown as a ground for recovery that the plaintiff jumped off the street car, then the court is asked to instruct the jury as to the legal limitations as to such acts.

" 9. If from the whole evidence the jury shall find that the injury to the plaintiff was the result of the negligence of the gatekeeper in the management of the gates, the agent of The Baltimore and Potomac Railroad Company, and but for such negligence would not have been sustained by the plaintiff, and that the Washington and Georgetown Railroad Company, through its agents in charge of the street car, did not know and had no reason to believe that the

said gatekeeper would be negligent, then the plaintiffs are not entitled to recover against the latter company."

Of the foregoing instructions requested by the defendant, the Washington and Georgetown Railroad Company, those numbered 2, 7, and 8 were granted as prayed; that numbered 9 was modified so as to read as follows: "If from the whole evidence the jury shall find that the injury to the plaintiff was the result of the negligence of the gatekeeper in the management of the gates (if you shall find that he was) the agent of The Baltimore and Potomac Railroad Company, and but for such negligence would not have been sustained by the plaintiff, and that the Washington and Georgetown Railroad Company, through its agents in charge of the street car (was not negligent in driving the street car on said steam car track and) did not know and had no reason to believe that the said gatekeeper would be negligent, then the plaintiffs are not entitled to recover against the latter company," and given as modified; and those numbered 1, 3, 4, 5, and 6 were refused; *to the refusal of each of which, as also to the modification of that numbered 9, the said defendant duly excepted.*

The court, of its own motion, and after reading the declaration, charged the jury as follows:

"You will perceive, gentlemen, by the declaration which I have just read that the claim of the plaintiffs as to their right to recover consists in the charges which they make, that the defendant, (The Baltimore and Potomac Railroad Company, through its gatekeeper, if you shall find by the evidence that the gatekeeper was the servant of The Baltimore and Potomac Railroad Company, unskilfully and negligently managed the gate in lowering it and raising it at an improper time), and that the negligence charged against the defendant, the Washington and Georgetown Railroad Company, consists in the charge that the driver of the car owned and operated by the Washington and Georgetown Railroad Company negligently and unskilfully drove the car or the

horses attached to the car on to and partly across, perhaps, the track of the steam railroad company at a time when a train of The Baltimore and Potomac Railroad Company was approaching the intersection of these two roads on Seventh street. It is not charged that this railroad train upon the Baltimore and Potomac railroad track was run at an unlawful rate of speed (but that there was negligence in the running of that train which contributed to the injury which the female plaintiff claims in this declaration she suffered on this occasion). The rate of speed, however, is properly enough mentioned in the declaration, and evidence in regard to that train and the speed with which it was run has been admitted to you because, in the judgment of the court, that would be a circumstance to which the jury might refer and of which they ought to take notice in determining the question whether, under these circumstances as they may be shown by the evidence in this case (the female plaintiff was either justified as a person of ordinary prudence in jumping from the car at the time she did under the apprehension of imminent danger) or whether she was thrown from the car; whether these circumstances surrounding all the passengers at the moment of time when she jumped were such as would naturally produce such confusion and disorder among the passengers as that she might be thrown by some one or more of the passengers from the car to the ground on that occasion, and whether that was such disorder and confusion as would be reasonable to expect would be caused among people who were ordinarily prudent—that is, all the circumstances surrounding all the passengers at that time who were upon the street car. Of course the circumstances will be more particularly adverted to. I now only refer to this matter for the purpose of impressing upon your minds the office of the averment in this declaration that there was a train of steam cars approaching upon the road of The Baltimore and Potomac Company at the instant of time when the driver of the street car is alleged to have entered upon the track of

the steam car company for the purpose of crossing. That is not in and of .itself alleged as negligence. (The rate of speed, whether rapid or slow, is not alleged as in and of itself a matter of negligence, but only as a circumstance surrounding the parties which it is proper the jury should know and understand in order to enable them to determine whether there was or was not such a state of affairs there at that moment when this woman left this car as either justified her in jumping from the car or as would justify the disorder among the passengers by which she might have been thrown from the car.)

" I have been asked by counsel for the plaintiffs in this case to give you a number of instructions, which I will proceed to do."

The court here read the five instructions given on behalf of the plaintiff, and proceeded:

"The following prayer, which is offered by the counsel for the Washington and Georgetown Railroad Company, is given to you as a proper instruction in this case. It is the second prayer of the defendant, the Washington and Georgetown Railroad Company, which is given to you as the law, and which is as follows:

" ' 2. While each defendant was bound to avoid danger to the passengers in the street car, neither of the defendants was responsible for the act or omission of the other.'

" In other words, each defendant is responsible for its own act and the acts of its agents and servants, but not for the act of the other defendant.

" The ninth prayer of the defendant the Washington and Georgetown Railroad Company as modified by the court is as follows, and is given to you as the law." The court here read the said instruction.

" The following prayer, numbered one, asked by The Baltimore and Potomac Railroad Company, is given to you as the law, and it is substantially a repetition of what I have already said to you." The court here read the instruction referred to.

"No. 10 of the prayers of the defendant, The Baltimore and Potomac Railroad Company, is given to you as a proper instruction as modified by the court:

"'10. If the jury believe from the evidence that the female plaintiff was pushed or shoved from the car in which she was riding, and that she would not have been injured if she had been permitted to remain in the car, and shall find from all of the evidence in the case that an ordinarily discreet and prudent person, under the circumstances in which said car was placed as disclosed in the evidence, would have and ought to have remained in the car, and that the person who pushed or shoved the female plaintiff from said car acted imprudently, indiscreetly, and rashly in so doing and from a rash apprehension of danger which did not exist, thereby causing the injury sustained by the female plaintiff, then the defendants are not liable upon the issues joined in this cause to answer in damages for said injury.'

"(This seems to have been framed for the purpose of meeting the exact allegation in the declaration; but I deem it my duty to say to you, inasmuch as I have already substantially said it to you, that if you should be satisfied from the evidence that instead of being pushed from the car the female plaintiff jumped from the car, and if she did so in a reasonable manner and under a reasonable apprehension of danger, that she might recover, although the exact averment of the declaration is not proven; in other words, proof that she jumped from the car under a reasonable apprehension of danger would not be a variance from the exact language used in the declaration in regard to that point.

"I now say to you, if you believe from the evidence that the female plaintiff jumped from the car in which she was riding, and that she would not have been injured if she had been permitted to remain in the car, and shall find from the evidence in the case that an ordinarily discreet and prudent person, under the circumstances in which said car was placed

as disclosed by the evidence, would have and ought to have remained in the car, and that the female plaintiff jumped from the said car imprudently, indiscreetly, and rashly and from a rash apprehension of danger which did not exist, thereby causing the injury sustained by her, then the defendants are not liable upon the issues joined in this case to answer in damages for said injury.)

" This last is the charge of the court, not given to you by any request of counsel. It is for the purpose of covering that phase of the case to which I have just called your attention.

"It was the duty of the driver of the street car in which the plaintiff was riding, before attempting to cross the track of the defendant, The Baltimore and Potomac Railroad Company, to look carefully to see whether the gates were descending and that no train was approaching near enough to cause injury to the passengers on his car or to excite reasonable apprehension of a collision in the minds of the passengers; and if the driver saw or might have seen, had he looked, that the gates were descending, and that the train of steam cars was approaching, it was his duty to stop his car until the way was clear of danger; and if you find that, under such circumstances, he did not stop, but drove the horses on through the steam-car track, thereby contributing to or alone causing the injury to the female plaintiff, your verdict should be for the plaintiff, against the Washington and Georgetown Railroad Company.

" (Whether your verdict thus found against the latter company should include The Baltimore and Potomac Railroad Company will depend upon whether you find that the gatekeeper was its servant, and that the gatekeeper was also negligent. It was the duty of the gatekeeper to keep a strict watch for approaching trains of cars and to so manage the gates as to prevent street cars on Seventh street from passing onto the track of The Baltimore and Potomac Railroad Company when a train was approaching unless there

was ample time for such street car to pass over the track of the latter company in safety before the arrival of the train of steam cars at the point of intersection on the two tracks on Seventh street.)

"It is claimed by the counsel for the Washington and Georgetown Railroad Company that there was ample time for its cars to pass over the track of The Baltimore and Potomac Railroad Company before the train of the latter would reach the point of intersection of the two tracks, and that as the car of the former company approached the track of the latter the gates were up, and that the horses drawing the car had reached the steam-car track when the gatekeeper suddenly lowered the gates and thereby produced whatever alarm or confusion the evidence shows ensued among the passengers, including the plaintiff, on the street car.

"If you find the evidence establishes these facts as thus claimed by the Washington and Georgetown Railroad Company, it would be entitled to your verdict in its favor.

"But it is claimed by the counsel for The Baltimore and Potomac Railroad Company that the gatekeeper had commenced to lower the gates before the street car in question approached to the line of the steam car track, and that this fact, together with the fact of a train approaching on the steam car track, could and should have been noted by the driver, and that thereupon it was the duty of the driver of the street car to stop his horses until the train on the steam track had passed Seventh street, but that, instead of so stopping, the driver drove the horses under the gates, which descended on them in the manner shown by the evidence; that thereupon the gatekeeper, as soon as he saw that the horses and car were on the track, immediately raised the gate and allowed the car to pass from the steam-car track, and so The Baltimore and Potomac Railroad Company claims that there is no liability resting upon them for the injury received by the female plaintiff, as set forth in the declaration.

"If you find the facts as so claimed by counsel for The Baltimore and Potomac Railroad Company are proven to be true by the evidence in the case, and if the evidence, in your judgment, shows that the gatekeeper was watchful and diligent in watching the street car's movement and proceeded, immediately on discovering that the street car or horses attached thereto were upon the track and attempting to pass through the gates, to reverse his action and hoist the gates, the Baltimore and Potomac Railroad Company should not be held liable in this action.

"You will perceive that there is a direct conflict between the two defendants as to the facts which each claims are established by the evidence; you will also remember that the plaintiff claims, by her counsel in argument, that the evidence establishes the liability of both defendants; that the street-car driver was negligent in driving onto the track when there was a train approaching which he might or ought to have seen, and in not noticing the gates descending, if, in fact, they were descending, before the horses attached to the street car started to cross the steam-car track. (And counsel for the plaintiff claim that the gatekeeper was negligent in lowering the gate and continuing to lower it after he discovered or, with due diligence, ought to have discovered that the driver was attempting to take the street car across the steam-car track before the arrival of the train of steam cars.)

"Now it will be your duty to carefully review the testimony that has been produced by the parties before you, and determine what facts have been established and proved by it, and then determine, under the guidance of the instructions of the court, what verdict you shall render. It does not necessarily follow if you should find one of the defendants guilty of negligence that therefore the other should be excused; both may have been negligent. The question with you must be: Has the plaintiff, by a preponderance of all the evidence, shown that both of the defendants are guilty of negligence? If not, has she shown that one is, but failed to show that the

other is guilty? In either event, the verdict should be for the plaintiff against one or both of the defendants, according as you may find one or both negligent; or, if you find that the proof fails to show that either of the defendants were negligent, your verdict should be for the defendant.

"There is one other condition to your finding any verdict for the plaintiff which I deem it my duty to again call to your attention: (You will observe that whether the injured plaintiff either jumped from the street car or was thrown from it by other passengers, yet the immediate force causing the injury did not proceed from either of the defendants. The law requires of corporations and individuals alike engaged in carrying passengers a high degree of diligence and care to be exercised for the safety of their passengers, and in the present case, if the defendants, or one of the defendants, negligently permitted the passengers upon the street car to be placed in the condition of apparent imminent danger of an approaching collision of the street car with an approaching train of steam cars, such as would or might reasonably induce a person of ordinary prudence to seek safety by jumping, then whether the female plaintiff jumped from the car or was thrown by others, who were co-passengers with her, from the car, who were acting from the same impulse as to danger, but reasonably, as ordinarily prudent persons would act under such circumstances, then the plaintiff would be entitled to a verdict against one or both of the defendants, as you may find one or both guilty of negligence which directly caused the injury to the female plaintiff.)

"But you will remember that the negligence for which you should hold the defendants or either of them responsible must have been negligence which contributed directly to cause the injury; and, repeating the language already given to you, if you find that the plaintiff jumped from the car imprudently, indiscreetly, and rashly, and from a rash apprehension of danger which had no existence, then, though either or both of the defendants' agents or servants

may have been negligent, your verdict should be for the defendants and against the plaintiff.

"And so, gentlemen of the jury, if you shall find that she was thrown from the car by persons who were under a like apprehension, as I have just mentioned, and who had such an apprehension, imprudently and indiscreetly, and under a rash apprehension of danger, which had no existence, in their confusion jostled or threw her from the car, under such circumstance, although the evidence might show that the agents of the defendant acted negligently and carelessly on the occasion referred to in the declaration, neither of them would be liable to a verdict, because the law will not permit a plaintiff to recover if the injury complained of was not only the result of the negligence of the defendant, but was also the result of the direct negligence of the plaintiff contributing directly to the result.

"In the event that you should find that she acted rashly and imprudently, without any just cause for apprehension of imminent danger, then the law would esteem that misconduct on her part, such as would contribute directly to the injury which she received, and which would prevent her from recovering from the defendants, even though the evidence might establish that they were also guilty of negligence.

"The evidence, gentlemen, is somewhat conflicting, and there are a great many witnesses in the case. It is not, perhaps, an easy task for you to analyze this testimony and arrive at an exact conclusion; but it is your duty to do so, and you should make every effort to comply with your duty.

"I do not now think of any matter it is essential for me to further call to your attention before you retire.

"The following prayer asked by the defendant, The Baltimore and Potomac Railroad Company is given to you as the law :

"In this action the plaintiffs are not entitled to recover for medical or other attendance or expenses, nor for the loss

of time in consequence of the injury sustained, nor for the loss to the male plaintiff of the services or society of his wife."

" Also the following prayer, numbered 7, asked by the Washington and Georgetown Railroad Company upon the same subject as the last one which I have just read to you:

"'The plaintiffs are not entitled to recover in this action for medical attendance or expenses, nor for the loss of time on the part of the injured plaintiff, nor for the loss of her services on the part of her husband.'

" I will also give you, as the law in this case, the plaintiffs' prayer No. 4, which is as follows:

"'If the jury find from all the evidence that the plaintiffs are entitled to recover in this action, then they shall award such damages within the limits of the sum claimed in the declaration as will fairly and reasonably compensate the plaintiff Margaret for the pain and suffering caused to her by the injury which she sustained and for the injury to her bodily health and power of locomotion, if any such they find, which she has sustained in the past and will continue to sustain in the future as a natural consequence of said injury, and for such internal injuries and impairment to her physical health as they may find to be established by the evidence.'

" Your verdict, if you find for the plaintiff, must be a matter to be fixed by you in the exercise of a sound discretion, subject, of course, to the limits placed in the declaration of thirty thousand dollars."

The portions of the charge of the court inclosed in parentheses were duly excepted to by each of the defendants.—RE-PORTER.]

*Mr. W. D. Davidge* and *Mr. W. D. Davidge, Jr.*, for the appellant, the Washington and Georgetown Railroad Company.

1. However negligent a person may be, yet if another

negligent human agency intervenes and the original wrong-
doer could not have foreseen such intervention and conse-
quences therefrom, then the proximate cause of the result is
the act of the intervening party.   2 Thomp. on Neg. 1089;
Cooley on Torts (2d Ed.) 76; 1 Shear. & Red. on Neg. (4th
Ed.) Sec. 34; 16 A. & E. Ency. 446; *Ins. Co.* v. *Tweed*, 7
Wall. 44; *Railroad Co.* v. *Kellogg*, 94 U. S. 469; *Scheffer* v.
*Railroad Co.*, 105 U. S. 249; *Carter* v. *Towne*, 103 Mass. 507;
*Davidson* v. *Nichols*, 11 Allen, 514; *Ryan* v. *Gross*, 68 Md.
377; *Railroad Co.* v. *Gantt*, 39 Md. 115; *Railroad Co.* v. *Steb-
bing*, 62 Md. 504; *Klipper* v. *Coffey*, 44 Md. 117; *Railroad
Co.* v. *Trainor*, 33 Md. 542; *McCleary* v. *Railroad Co.*, 3 Neb.
44; *Sharp* v. *Powell*, L. R. 7 C. P. 253.

The law is, that however negligent a person may be, how-
ever negligently he may act, yet if another negligent human
agency intervenes and the original wrongdoer could not
have foreseen such intervention and consequences therefrom,
then the proximate cause of the result is the act of the in-
tervening party, and the first party is liable only for such
consequences as would naturally flow from his conduct.

In the case at bar, if the street railroad company were
negligent, then certain natural consequences would follow
from the negligent acts, but the company cannot be made
liable for the acts of outside parties which it could not have
foreseen.

The trial justice instructed the jury, that if the cause of
the injury was the negligent management of the gates, and
but for such negligence would not have been sustained by
the plaintiff, and that the street railway company was not
negligent in driving upon the steam track, and did not know
and had no reason to believe that the said gatekeeper would
be negligent, then the plaintiffs were not entitled to recover
against the said company.   Under these instructions, if the
jury found the street railway at all negligent in going upon
the steam tracks, they could not find for it, even if they
found the injury the result of the intervening agency and

in no way a natural consequence of the company's negligence. This was clearly error.

2. The jury were instructed that if they found for the plaintiffs they might assess the damages at any amount they pleased within the limits of the sum claimed in the declaration, $30,000. This misled the jury, and the verdict rendered was found by the court to be excessive. *Bryan* v. *Acee*, 27 Ga. 87; *Glasscock* v. *Shell*, 57 Tex. 215; *Willis* v *McNeill*, 57 Tex. 465.

3. There is a variance between the declaration and proof, but the trial court goes beyond the pleadings and makes a new case for the plaintiffs.

The case, as set forth in the declaration, is that the passengers in the car became panic-stricken, and in the confusion Mrs. Hickey was pushed from the car; that is, that the fear of an impending collision acting on the other passengers produced the injury.

But the jury were virtually instructed that whether Mrs. Hickey, under a reasonable apprehension of an imminent collision, jumped off the car to avoid injury, or was thrown off by other passengers in a similar state of mind, made no difference.

The trial justice seems to have supposed that because under the law of negligence whether the injury was caused by Mrs. Hickey's jumping from the car voluntarily, and not as set forth in the declaration, or by her being pushed and shoved, as alleged, in either case the street railroad company was culpable and, therefore, it made no difference which case was declared on and which proved. We submit, however, that the case to be tried is that made in the pleadings, and that no matter how clear another case may be, if it be not set forth in the pleadings the court cannot try it.

*Mr. Samuel Maddox* for the appellant, The Baltimore and Potomac Railroad Company:

1. The motion in arrest of judgment should have been

granted. The rule of law applicable to the case under consideration may be stated thus: When any particular fact is essential to the plaintiff's case, if such fact is neither expressly stated nor necessarily implied from the facts that are stated, the case must be considered as defective and judgment must be arrested. This is not a case in which a cause of action is defectively or inaccurately stated; but it is one where the declaration fails to show any cause of action whatever as against The Baltimore and Potomac Railroad Company. Chitty Pl. (14 Am. Ed.) 383; *Max* v. *Roberts*, 12 East, 93; *Rex* v. *Everett*, 15 E. C. L. 64; *Bartlett* v. *Crozier*, 17 Johns. 457; *Hines* v. *Gas Co.* 3 App. D. C. 369; *Gantrel* v. *Egerton*, L. R. 2 C. P. 374; *Collis* v. *Selden*, L. R. 3 C. P. 499; *Maenner* v. *Carroll*, 46 Md. 215.

Applying these rules to the case at bar, it will appear that there is no cause of action here against The Baltimore and Potomac Railroad Company. The sole and only duty charged upon that company is so to "conduct and manage the said . . . train of steam cars as to avoid danger to the passengers in said street car." It must be assumed that this was done, for the reason that no breach of that duty is averred.

No duty is charged upon that company in respect of the erection and maintenance of gates at the street crossing. Even assuming that the "gatekeeper" was a servant of The Baltimore and Potomac Company, it still does not appear that he had any specific duty to perform, and failed in the performance of it. The averment is that he "negligently allowed" something to be done which resulted in injury to the female plaintiff.

It is not necessary to apply the general rule that "the sense of the averment is to be taken most strongly against the pleader;" for even after resolving all doubts here in favor of the pleader, the declaration fails to state any cause of action against The Baltimore and Potomac Company.

It remains but to notice, on this branch of the case, if the

insufficiencies of the declaration are cured by the verdict. As a general proposition it may be stated that a defective declaration cannot be made good by the evidence or the instructions of the court to the jury, any more than deficiencies in the proof can be supplied by merit in the declaration. Phillips on Evidence, 161. Plaintiffs cannot recover upon evidence of a good cause of action, where such cause of action is not averred in the declaration. *Turner* v. *Walker*, 3 Gill & J. 388.

If the declaration fails to aver substantially all that is necessary to state a cause of action, the judgment will be arrested. *Gould* v. *Kelly*, 16 N. H. 551; *Smith* v. *Curry*, 16 Ill. 148; *Pollard* v. *Lyon*, 91 U. S. 225.

2. It was error to admit evidence tending to prove that the gatekeeper was a servant of The Baltimore and Potomac Railroad Company. The word "gatekeeper" occurs but once in the declaration, but it is not averred that he was the servant of either of the defendants. There is a suggestion that he was "operating the gates or guards at said crossing which were erected for the purpose of preventing damage to vehicles and foot passengers," but there is nothing to indicate by whom they were erected, or whose duty it was to operate them, when erected. Had it been charged that he was the servant of one or the other of the defendants, the averment might have been put in issue. "It is well settled that whatever is to be alleged in pleadings must be set forth with certainty, and not in doubtful or ambiguous terms; and that when an averment is susceptible of different meanings, that construction shall be adopted which is most unfavorable to the party pleading." *Murphy* v. *Preston*, 5 Mackey, 516; *Towson* v. *Bank*, 6 H. & J. 54.

The motion to direct a verdict in favor of The Baltimore and Potomac Railroad Company should have been granted, because—(a) The plaintiffs ought not to have recovered against either defendant, the conclusion from the evidence

being inevitable that Mrs. Hickey herself caused all the disturbance on the street car, and that had she kept her seat no injury would have happened to her.  (*b*) If any blame attaches to either defendant, it rested entirely with the conductor and driver of the street car.  (*c*) The gatekeeper was not at fault, but by a quick presence of mind averted all possibility of accident.  (*d*) The evidence fails to show that the gatekeeper was the servant of that company.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert* for the appellees :

1. A motion in arrest of judgment can be sustained only where there is a substantial error apparent on the face of the pleadings, and the evidence is no part of the record for that purpose.  *Bond* v. *Dustin*, 112 U. S. 604.  The general principle is stated in Evans' Practice, 331, that a motion in arrest of judgment can only be availed of when the facts averred by the plaintiff do not constitute a sufficient cause of action.  A motion in arrest of judgment is, in effect, a general demurrer to the declaration or other pleading, differing only from a demurrer in that it is interposed after verdict.

It is alleged in the declaration that the gatekeeper was negligent and that his negligence contributed to the injury, and, further, that the accident was caused by the negligence of the employees of the defendants.  It was proved at the trial that the gatekeeper was employed by The Baltimore and Potomac Company, and it was held by the court below that inasmuch as no demurrer was taken to the declaration, and that it was substantially alleged that the gatekeeper was an employee of the defendants or both of them, it was competent to prove that he was the agent of The Baltimore and Potomac Railroad Company.  This was manifestly correct.  The declaration further alleged in substance that it was the duty of all the employees of the steam railroad company engaged in seeing that its trains were run properly so to con-

duct themselves as to avoid injury to passers-by, and that a breach of this duty occurred. The defendants were advised by the declaration that the gatekeeper was negligent in his management of the gates, and hence they were not surprised by the proof. It is never essential that a particular individual should be charged with the performance of a particular duty. All that need be done is to set up facts from which the duty may be reasonably inferred. The declaration must show facts on which a duty is founded, which it is incumbent upon the plaintiff to perform with respect to the rights of the plaintiff, and it is enough if there be certainty to a common intent. *Hines* v. *Gas Co.*, 3 App. D. C. 369.

The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant and of resulting injury to himself. Shear. & Red. on Neg., Par. 13; *Railroad Co.* v. *Case*, 9 Bush (Ky.) 728; *Chiles* v. *Drake*, 2 Met. 146, citing 2 Chitty Pl. 650; *Railroad Co.* v. *Horst*, 93 U. S. 297.

2. No variance will be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant at the trial. *Nash* v. *Towne*, 5 Wall. 689; *Ferguson* v. *Harwood*, 7 Cr. 408; *Zeininger* v. *Schnitzler*, 48 Kans. 66; *Rockford* v. *Hollenbeck*, 34 Ill. App. 40; *Brown* v. *Sullivan*, 71 Tex. 470; *Ewing* v. *Houston*, 4 Dall. 67; *Mukle* v. *Bennington*, 68 Mich. 133; *Davis* v. *Guilford*, 55 Conn. 351; *Railway Co.* v. *Johnson*, 83 Tex. 628.

In the present instance the defendants were advised both by the declaration and by the plaintiff's proof that she was pushed from the car by other passengers who were endeavoring to save themselves from imminent peril, and no witness on behalf of the plaintiff testified to any different condition. The alleged variance was introduced into the case by the defendants themselves, and they have no right to complain of it.

3. A passenger injured by a collision resulting from the concurrent negligence of two railroad companies nay maintain a joint action against both. Shear. & Red. on Neg., Par. 58; *Colegrove* v. *Railroad Co.*, 20 N. Y. 492. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time. The practical construction of "proximate cause" by the courts is a cause from which a man of ordinary experience and sagacity could foresee that the result might probably ensue. Shear. & Red. on Neg., Par. 10; L. R. 5 Exch. 204; *Powell* v. *Deveney*, 3 Cush. 300; *Peck* v. *Neal*, 3 McLean, 22; *Lockhart* v. *Lichtenthaler*, 46 Pa. St. 151. If the concurrent or successive negligence of two persons combined together results in an injury to a third person, he may recover damages of either or both. Thompson on Neg., 1088; *Eaton* v. *Railroad Co.*, 11 Allen, 500; *Barrett* v. *Railroad Co.*, 45 N. Y. 628; *Ricker* v. *Freeman*, 50 N. H. 420.

4. It is too well settled to need citation of authority that a plaintiff cannot recover a larger sum than is claimed in his declaration. *Enoch* v. *Mining Company*, 23 W. Va. 314. And, with proper limitations and proper instructions, the jury ought to be told that the plaintiff is not entitled to recover more than he claims. Under our practice the jury always take with them the declaration which specifies the amount claimed, and, with that paper in their possession and with proper instructions as to the measure of damages, it is clearly not error to tell them that they cannot give the plaintiff more than he claims, but must bring their verdict within the limits of the sum specified in the declaration. *Klutts* v. *Railroad Co.*, 11 Am. & Eng. RR. Cases, 640; *Railroad Co.* v. *Dunlavy*, 9 *Id.* 675.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

It is shown by the evidence that the street car was an open summer car, crowded with passengers; and that when it approached the crossing, according to the testimony of some of the witnesses, it proceeded with more than ordinary speed. As this street car neared the crossing an east bound train on the steam car tracks approached the intersection of the tracks of the two roads; and this approaching train was plainly in view of both the driver of the street car and the gatekeeper, if they had been on the lookout for it. It appears that, as the street car approached the crossing, the gates were partially lowered, and the street car, if it did not actually stop, slackened its speed; but at that moment the gates were raised and the street car proceeded to cross the tracks of the steam car road in front of the approaching train. This, as the result showed, would have been entirely successful, and without producing alarm and terror to the passengers, though exceedingly perilous, but for the fact, that, just as the street car got upon the steam car tracks, the gates were let down again, the south arm of the gates falling about the manes of the horses, and the north arm over the top of the street car; and thus catching the street car immediately on the tracks of the approaching steam car train, and which, at that moment, according to the testimony of some of the witnesses, was only about fifty or sixty feet distant from the crossing. The passengers in the street car were at once naturally stricken with excitement and terror, many jumping from the car, and in the midst of the commotion and confusion, Mrs. Hickey, the female plaintiff, was either pushed or she jumped from the car, and fell upon the ground, and, in some way, not very clearly shown, one of her feet was caught and most seriously injured—whether by contact with the wheels of the car, or in some other way, may admit of some question. She thinks and testifies that the wheel of the car passed over her ankle, and produced the injury to it. In whatever way the injury

5 Ct. App.—30

may have been received, the evidence shows clearly that it was very serious.

In the midst of the excitement and confusion produced by the lowering of the gates and the obstruction of further progress of the street car, the gates were again raised, and the street car moved on, barely succeeding in escaping collision with the passing train of steam cars. The fault of the gatekeeper seems to have been, in not lowering the gates in time to keep the street car from attempting to cross the steam railway tracks, and in lowering the gates when the street car was immediately on the steam car tracks, and thus preventing, for the moment, further advancement. The fault of the street car driver was in the reckless approach to the crossing, and attempting to cross, when he saw, or should have seen, the near approach of the steam-car train to the crossing. Without the fault of both the gatekeeper at the crossing and the driver of the street car, it is not at all probable that the accident would have occurred.

As preliminary to the consideration of the questions that relate in common to both the defendants, there are some two or three questions specially raised as applicable to the one or the other of the defendants separately. The first of these is the question raised on the motion in arrest of judgment by The Baltimore and Potomac Railroad Company. This motion is based upon the supposed failure of the plaintiffs to allege in the declaration that the gatekeeper at the crossing, to whom negligence was imputed, was a servant of The Baltimore and Potomac Railroad Company; and because of the supposed failure of the declaration to aver that the said railroad company was bound by any duty in connection with the gates at the crossing.

The declaration may not be very artistically drawn or full in its averments, but we think there is enough in the averments of the declaration, after trial and verdict, to sustain the judgment for the plaintiffs. The declaration avers that the defendants and each of them, and their and each of

their servants and employees, so carelessly and negligently conducted themselves, that as the street car approached the crossing, the gatekeeper "who was operating the gates or guards at said crossing, erected for the purpose of preventing damage to vehicles and foot passengers, negligently allowed the driver of the street car to drive the same," etc. This averment must be read in connection with and as preliminary to the more general and comprehensive averment that follows, viz.: "That the injuries occasioned to the female plaintiff were caused by the gross carelessness and neglect of said defendants and each of them, their and each of their servants and employees."

It is a settled principle of pleading, that where there is any defect or omission in a pleading, whether in substance or form, which would have been fatal on a demurrer, yet, if the issue joined (in this case on the general issue) be such as necessarily required on the trial proof of the facts so defectively stated or omitted, and without which it is not to be presumed that the judge would have directed the jury to give the verdict, such defect or omission is cured. 1 Wms. Saund. 228; *Township of Lincoln* v. *Cambria Iron Co.*, 103 U. S. 412, 416. At most, the supposed defect in the declaration is but a defective statement of a good cause of action, and not the statement of a defective or insufficient cause of action; and in such case the verdict always cures the defect. We do not say, however, that the declaration would have been adjudged bad on demurrer. It was not necessary to make a specific averment in the declaration that the gatekeeper was the servant of the railroad company, or that the latter was bound to maintain the gates. It was sufficient to allege that the injury complained of was occasioned by the negligence of the defendants, or their servants. *Bank of Metropolis* v. *Guttschlick*, 14 Pet. 19. And for a like reason there was no error in overruling the objection of the Baltimore and Potomac Railroad Company to evidence offered

by the plaintiffs to prove that the gatekeeper was the servant or employee of that company, and for whose negligence that company was liable.

There is also a question made, whether there is not a fatal variance between the facts alleged in the declaration and those in proof, upon which the plaintiffs sought to maintain their right to recover. In the declaration it is alleged that the female plaintiff was pushed and shoved from her seat in the street car, and thrown violently to the ground, and in falling her foot and leg were caught, etc. But in the instruction given by the court, at the instance of the plaintiffs, having reference to the evidence in the cause, the jury were told that if they should find from the evidence that the female plaintiff either jumped off the car, in a reasonable effort to avoid injury from collision, or was pushed or thrown from said car by some other passenger or passengers, endeavoring in a reasonable manner to avoid injury from such apprehended collision, and was thereby injured, the plaintiffs could recover. The plaintiff herself says that she was pushed from her seat and fell on the ground. But whether she fell in consequence of a push received from some other terrified passenger, or in an attempt to save herself by jumping from the car, it would make no material difference in her right to recover. It is not so much the manner of leaving the car as it was the exciting cause that operated upon her, either directly and caused her to jump to save herself, or upon others whose actions were justifiably incited by the impending danger, and, by natural impulsive movement, forced her from the car. In either case, her fall to the ground and injury were the direct consequences of the apparent and impending danger produced by the negligent conduct of the defendants' servants and employees. There is, therefore, no such variance as should defeat the plaintiffs' right to recover, if the facts were found to exist, as we must assume they were, according to the hypothesis of the instruction given by the court. It is said by the

Supreme Court of the United States that no variance ought ever to be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant at the trial. *Nash* v. *Towne*, 5 Wall. 689. Here, the variance that is supposed to exist was mainly produced by the proof introduced on the part of the defendants, and therefore there was no surprise to them, and it is not pretended that they were in any manner injured by the supposed variance. There, is in reality, no substantial variance between the allegations and proof.

The defendant, The Baltimore and Potomac Railroad Company, requested the court to instruct the jury, that under the pleadings and evidence the plaintiffs were not entitled to recover as against that company; and the other defendant, the Washington and Georgetown Railroad Company, requested that the jury be instructed, that if the injury to the female plaintiff was caused by her being shoved or pushed from the car in the rush of passengers and confusion resulting from the sudden and negligent lowering of the gates at the crossing, as previously described, then there was no evidence that the conduct and management of the street car entered into or contributed to the negligence of the gatekeeper, and the verdict should be in favor of that company.

The court below refused to give either of these proposed instructions, and we think very rightly refused to give them. There was evidence before the jury to be considered by them amply sufficient to affect both defendants with liability for the injury, if that evidence was allowed full credence. It was the clear duty of the gatekeeper to keep strict watch, not only for the approach of the locomotive trains, but for the approach of the street cars, and to let down the gates in such full and ample time as would certainly prevent the street cars from entering upon the crossing at a time when

there was danger of collision with an approaching locomo-
tive train.   In this instance, this duty appears not to have
been performed by the gatekeeper.   The letting down the
gates upon the street car when the latter was immediately
upon the crossing, with the locomotive train in such near
approach, was more than ordinary negligence; it would ap-
pear to have been a reckless indifference to the safety of
human life.   And the conduct of the driver of the street
car was scarcely less reprehensible.   He must have seen
the near approach of the train, and therefore the danger of
attempting to cross the tracks in front of the locomotive.
If he did not see the approaching train, it was because of his
negligent failure to keep a lookout for the safety of his pas-
sengers.   The train was plainly in view, and he did see or
could have seen it before he reached the crossing, and in
time to avoid the peril of the attempt to cross.   His failure
to observe the proper precautions before attempting to cross
the tracks of the steam railroad amounted to gross negli-
gence, and a reckless want of care for the safety of his pas-
sengers.

Both defendants, by their servants and employees, having
been guilty of negligence and thereby contributed to the
production of the injury complained of, are equally liable
for such injury.   The rule is well established, that where a
person suffers an injury from the joint or concurrent negli-
gence of two parties, and both are negligent in a manner
which contributes to the injury, they are liable jointly and
severally for such injury, and no mere comparative degree
of care required, or comparative degree of culpability shown,
will affect the liability of either of the defendants.   *Bunting*
v. *Hogsett*, 139 Pa. St. 363; *Gulf, etc., R.R. Co.* v. *McWhirter,*
77 Texas, 356; *Rankin* v. *Central P. R.R. Co.*, 73 Cal. 93.

In a case like the present, of an action brought to re-
cover for injuries suffered by a passenger while being carried
in a public conveyance, the law requires of the passenger
that he or she shall exercise reasonable prudence in looking

out for his or her own safety; but the passenger is not bound to use the highest conceivable prudence and caution. In case of an accident to the car or vehicle, or other impending danger, the circumstances of confusion, dismay or terror into which the passengers may be suddenly thrown, are proper to be considered upon the question of contributory negligence of the party injured. An act done by a passenger, in the presence of impending danger to life or limb, for the purpose of escaping such impending danger, may not in the contemplation of law constitute contributory negligence, though it may in fact have contributed to the production of the injury complained of. *Stokes* v. *Saltonstall*, 13 Pet. 181. This is illustrated, and is strictly in point to this case, by the case where a passenger in a dangerous emergency jumped from a moving car to save himself, and was injured, although if he had remained in the car he would have escaped unhurt. The party is liable whose negligent conduct has brought about the dangerous emergency under which the injured party acted; the latter party acting according to the ordinary and reasonable motives and impulses that guide mankind under like circumstances. *South Cov. & C. Street Railway* v. *Ware*, 84 Ky. 267; *Cody* v. *N. Y. & N. E. R. Co.* 151 Mass. 462.

In view, therefore, of the principles of law just stated, and the evidence in the case, the court below was entirely right in refusing to give the instruction asked by the two prayers, to which we have referred, virtually taking the case from the jury as to each of the defendants.

We come now to the instructions granted on the part of the plaintiffs, and to the charge of the court upon the whole case.

By the facts, constituting the hypothesis of the first prayer of the plaintiffs, which was granted as explained by the court, the negligence of both defendants co-operated in producing the excitement and apparent danger that was the immediate cause of the injury. Without the negligence of

472     5 Court of Appeals Dist. of Col.

the one that of the other might have been entirely harmless. Neither could claim exemption from liability upon the ground that the negligence of the other was the more immediate or direct cause of the injury that happened to the female plaintiff. All three of the prayers of the plaintiffs, enumerating the facts upon which the defendants would be liable, were entirely unobjectionable, as explained by the court in its charge to the jury.

Considerable confusion has been introduced into the case, by reason of the separate and adversary instructions sought by the defendants as between themselves—the defendants mutually attempting to place the exclusive blame or liability for the accident the one upon the other. But, according to the principles of liability in such cases, as we have shown, the rulings of the court upon these separate series of proposed instructions were correct, and the general charge upon the whole case was fair, and fully discriminated as to the elements of liability of both defendants.

The court instructed the jury, at the instance of both defendants, that if the female plaintiff voluntarily jumped from the car, as testified to by the witnesses for the defendants, she could not recover; and the jury were also instructed, that while each defendant was bound to avoid danger to the passengers in the street car, neither of the defendants was responsible for the negligent acts or omissions of the other. And, at the instance of The Washington and Georgetown Railroad Company, the jury were instructed, that if the injury of the plaintiff was the result of the negligence of the gatekeeper in the management of the gates, and but for such negligence the injury would not have been sustained by the plaintiff, and that the street car company, through its agents and servants, was not negligent in driving the street car on the steam car tracks, and did not know, and had no reason to believe that the gatekeeper would be negligent, then the plaintiffs were not entitled to recover as against the latter

company. This, in view of the undeniable facts, was certainly liberal to the defendant, the street car company.

The court also instructed the jury, at the instance of The Baltimore and Potomac Railroad Company, that if the female plaintiff was pushed or shoved from the car in which she was riding, and that she would not have been injured if she had been permitted to remain in the car, and that an ordinarily discreet and prudent person, under the circumstances, would have and ought to have remained in the car, and that the person who pushed or shoved the plaintiff from the car acted imprudently, indiscreetly and rashly in so doing, and from a rash apprehension of danger which did not exist, thereby causing the injury to the plaintiff, then the defendants were not liable. And so the jury were further instructed, that if the female plaintiff jumped from the car, and that she would not have been injured if she had remained in the car, and that an ordinarily discreet and prudent person, under the circumstances, would have remained in the car, and that the plaintiff jumped from the car imprudently, indiscreetly, and rashly, from an unfounded apprehension of danger, thereby causing the injury, then the defendants were not liable, and the verdict should be in their favor. And in a subsequent part of the charge, the court was explicit in stating the rights of the parties, and the manner of finding the verdict, thus: "It does not necessarily follow, if you should find one of the defendants guilty of negligence that therefore the other should be excused; both may have been negligent. The question with you must be, has the plaintiff, by a preponderance of all the evidence, shown that both of the defendants are guilty of negligence? If not, has she shown that one is, but failed to show that the other is guilty? In either event the verdict should be for the plaintiff against one or both of the defendants, according as you may find one or both negligent; or, if you find that the proof fails to show either of the defendants negligent, your verdict should be for such defendant."

We have thus extensively quoted from the charge to show the fairness and fullness with which the questions were submitted to the jury. The charge was full and covered the entire case; and there is nothing in the charge, or in the instructions given, that could likely be misapprehended, or that was calculated to mislead an ordinarily intelligent jury. The defendants received the benefit of all the law to which they were entitled. The questions of the negligence of both the gatekeeper and the driver of the street car were carefully distinguished and discriminated, the one from the other, so that neither defendant should be made liable for the consequences of negligence that was exclusively attributable to the other. The jury have found both of the defendants guilty of negligence in the production of the injury complained of; and for this finding there was ample evidence before them.

There is a question made upon the fourth prayer of the plaintiffs, which was granted, to the effect that its terms were too suggestive of excessive damages. But, assuming that the jurors were men of ordinary intelligence, we do not think they could have been misled by the terms of the instruction. They were simply told, that if they found for the plaintiffs they should award such damages, within the limits of the sum claimed in the declaration, *as would fairly and reasonably compensate* the female plaintiff for the injuries suffered by her. The jurors must have understood that fair and reasonable · compensation was the limit of the award of damages, under the instruction. The amount of damages laid in the declaration was $30,000, and the verdict was for $12,000; so that there was nothing in the verdict to indicate that the jury acted upon the idea that the amount claimed in the declaration, in any way, furnished the criterion for determining the amount of compensation to be awarded to the plaintiff. We must suppose that the jurors paid heed to the terms of the instruction, and only awarded such sum as, in their judgment, was a fair and

reasonable compensation to the female plaintiff for the injury she had received.

Finding no error in the rulings of the court below, the judgment appealed from must be affirmed; *and it is so ordered.*

*Judgment affirmed.*